[Nos. B091782, B092585. Second Dist., Div. One. Feb. 20, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
MANUEL RUDOLFO SAMUELS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

_____

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General,

Sharon Wooden Richard, Sanjay T. Kumar and Lauren E. Dana, Deputy Attorneys General, Gil Garcetti, District Attorney, Diana L. Summerhayes and Joseph N. Sorrentino, Deputy District Attorneys, for Plaintiff and Appellant.

Ivy K. Kessel, under appointment by the Court of Appeal, for Defendant and Appellant.

## OPINION

**ORTEGA, J.**—Manuel Rudolfo Samuels appeals from the judgment entered following his conviction by jury of residential robbery and three counts of residential burglary in three incidents, with court findings of two prior serious or violent felony convictions: in 1975 of robbery in People v. Samuels (Super. Ct. L.A. County, No. A437797), and in 1982 of four counts of residential burglary, attempted robbery with use of a firearm, and two counts of forcible rape in People v. Samuels (Super. Ct. L.A. County, No. A452257). (Pen. Code, §§ 211, 212.5, 459, 460, 667, subd. (a), 664, 12022.5, 261, subd. (a)(2) [formerly § 261, subd. (2)].)[1] Samuels received a 25-year-to-life prison sentence under the legislative three strikes law, which became effective March 7, 1994. (§ 667, subds. (b)-(i).) The People appeal from the imposition of sentence (§ 1238, subd. (a)(10)).[2]

We agree with the People that the trial court was required to impose mandatory consecutive indeterminate life sentences on each count. In the unpublished portion of this opinion we find the trial court was required to impose additional five-year prior serious felony conviction enhancements in addition to the indeterminate sentence; and reject Samuels's claims that his prior convictions do not qualify as strikes under section 667, subdivision (d), and that the three strikes law wrongly was made urgency legislation. We remand the case for resentencing, and in all other respects affirm the judgment.

### DISCUSSION

Samuels's current convictions arose out of three incidents on July 11, 1994, in Long Beach: (1) his 4:30 p.m. robbery of Clyde Harpe and burglary of Harpe's home; (2) his burglary of the home of Dr. Farid and Karen Hassenpour between 7:30 a.m. and 5:30 p.m.; and (3) his 3:30 p.m. burglary of Elsie Kennedy's home.

---

[1] All statutory references are to the Penal Code.

[2] We reject Samuels's argument that by failing to object to the sentence imposed, the People waived the right to challenge on appeal the imposition of an unlawful sentence. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

### I, II*

. . . . ' . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

██     The People claim the trial court violated both the express provisions and the legislative intent of the three strikes law when it sentenced Samuels to a single 25-year-to-life term for the 3 current incidents (the Harpe robbery/burglary, the Hassenpour burglary, and the Kennedy burglary). Instead, the People assert that, because of his two qualifying prior convictions, Samuels should have received three indeterminate life terms for the three current incidents and that the three indeterminate life terms must be served consecutively.

The parties agree that the court imposed only a single 25-year-to-life sentence for the 3 current incidents. We agree with the People that the trial court should have sentenced Samuels to three consecutive life terms.

"Section 667, subdivisions (b) through (i) contain[] four separate provisions requiring mandatory consecutive sentencing: subdivisions (c)(6), (c)(7), (c)(8) and (e)(2)(B)." (*People* v. *Carter* (1995) 41 Cal.App.4th 683, 687 [48 Cal.Rptr.2d 726].)

### A.   *Consecutive Sentences Under Section 667, Subdivision (c).*

Section 667, subdivision (c) provides: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

"  . . . . . . . . . . . . . . . . . . . . . . . .

"(6)   If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).

"(7)   If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for

---

*See footnote, *ante,* page 1022.

each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.

"(8)   Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law."

As Samuels asserts, section 667, subdivision (c)(8) is inapplicable because it pertains only to defendants already serving a sentence at the time of the current conviction. Samuels argues that the applicability of section 667, subdivision (c)(7) is expressly qualified by subdivision (c)(6) (which applies only if the current felony offenses were not committed on the same occasion and do not arise from the same operative set of facts). Samuels claims his three current burglaries were committed on the " 'same occasion' because they were committed on the same day, within a block or two from each other and within a short time span of not more than an hour or two."

Assuming, without deciding, that the "same occasion" and "set of operative facts" provisions of section 667, subdivision (c)(6) also qualify subdivision (c)(7), we reject Samuels's claim that his current burglaries were committed on the same occasion.

By analogy to case law concerning section 654's proviso that there can be only one punishment, despite multiple guilty verdicts, for a single act or omission (cf. *People* v. *Martin* (1995) 32 Cal.App.4th 656, 664 [38 Cal.Rptr.2d 776]), Samuels committed three separate burglaries (see *People* v. *Ramos* (1982) 30 Cal.3d 553, 589 [180 Cal.Rptr. 266, 639 P.2d 908], reversed on other grounds in *California* v. *Ramos* (1983) 463 U.S. 992, 994, 996-997, 1013, 1014 [77 L.Ed.2d 1171, 1176-1178, 1188-1189, 103 S.Ct. 3446] [force or fear applied to two victims in joint possession of property, two robbery convictions proper]), of three separate victims, in three separate locations. Separate punishment for these crimes is entirely appropriate under section 654 (*People* v. *James* (1977) 19 Cal.3d 99, 119 [137 Cal.Rptr. 447, 561 P.2d 1135]), and is consistent with the legislative intent "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).) Since each of the three current burglaries was perpetrated on a different victim, at different times, in separate residences, the mandatory minimum term must be imposed consecutively for each count. (*People* v. *Ingram* (1995) 40 Cal.App.4th 1397, 1405-1409 [48 Cal.Rptr.2d 256].)

B. *Sentence Calculation Under Section 667, Subdivision (e).*

As relevant, section 667, subdivision (e), provides:

"(e)   For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2)(A) If a defendant has two or more prior felony convictions . . . that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of [one of three methods of calculation].

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"(B)   The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison."

Samuels argues that section 667, subdivision (e)(2)(B)'s requirement of consecutive sentences only applies when " 'any other term [*is*] imposed subsequent to any indeterminate term.' " (Italics added.) He contends that if, as here, the trial court imposes no other term subsequent to any indeterminate term, "subdivision (e)(2)(B)'s requirement of consecutive sentences does *not* apply." This argument contains several flaws. First it ignores the fact that the target phrase refers to any other term which "may be," not "is," imposed. Second, as we understand it, Samuels's argument implicitly contends that the phrase "any other term" does not include any other indeterminate term described in section 667, subdivision (e)(2)(A), and since the trial court imposed only a single sentence, subdivision (e)(2)(B) does not apply. We find nothing in the quoted language to support Samuels's position. On the contrary, section 667, subdivision (e)(2)(B) reemphasizes the requirement of subdivision (e)(2)(A) that any sentence imposed where a defendant has two or more prior felony convictions is to be consecutive to any other term for which a consecutive term may be imposed. Samuels raises no issue of section 654 limitation in this context, and we see none.

Samuels also contends that the three strikes law does not require a 25-year-to-life sentence on each count, but requires only a single sentence.

The three sentencing alternatives in section 667, subdivision (e)(2)(A), from which the trial court is to choose the longest, are:

"(i)   Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions.

"(ii)   Imprisonment in the state prison for 25 years.

"(iii)   The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046."

Samuels first points to the section 667, subdivision (e)(2)(A)(i) calculation providing for "[t]hree times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions." He claims that the reference to the term "otherwise provided" requires application of the section 1170.1 subdivision (a) scheme and results in a single sentence in which the principal term for one offense is tripled and one-third the midterm sentence for each of the other offenses is tripled. The 25-year-to-life sentence section 667, subdivision (e)(2)(A)(ii), the argument continues, is imposed only if the tripled subdivision (e)(2)(A)(i) calculation results in a sentence of less than 25 years.

In addition, Samuels argues, the introductory paragraph of section 667, subdivision (e)(2)(A) does not contemplate a sentence of at least 25 years to life because it refers only to "the term for the current felony." However, under section 7, by which the singular includes the plural, that phrase also reads "the terms for the current felonies."

Samuels further claims that the only effect of section 667, subdivision (c)(7) on subdivision (e)(2)(A) is to require that calculation under each of the three formulas to determine the minimum term for an indeterminate sentence be done consecutively, not concurrently.

Similar arguments, based on section 667, subdivision (c)(6), were rejected in *People* v. *Ingram*, *supra*, 40 Cal.App.4th at pages 1406-1409. We concur with the *Ingram* decision and find it equally applicable here. (See also *People* v. *Cartwright* (1995) 39 Cal.App.4th 1123, 1141-1143 [46 Cal.Rptr.2d 351], rejecting the claim that the trial court was required to calculate defendant's entire sentence on all counts under each alternative,

rather than calculating the sentence on each count separately.) We concur with the People's claim that the trial court was required to sentence Samuels to 3 consecutive indeterminate terms of 25 years to life, the 75-year determinate term to be served prior to the life terms mandated by the legislative three strikes law.

## IV

■ The People's contention that the trial court had no discretion to suspend or waive imposition of two 5-year sentence enhancements for the prior felony convictions in People v. Samuels, *supra*, No. A437797, and People v. Samuels, *supra*, No. A452257, already has been validated in *People v. Ramirez* (1995) 33 Cal.App.4th 559, 562-573 [39 Cal.Rptr.2d 374] and *People v. Anderson* (1995) 35 Cal.App.4th 587, 595-600 [41 Cal.Rptr.2d 474], in which the courts found no dual use violation by use of the same prior to impose both a second strike sentence under section 667, subdivision (e) and an additional five-year enhancement pursuant to section 667, subdivision (a)(1). "To hold otherwise with a three strikes defendant would improperly construe the Three Strikes law in a fashion contrary to the law's stated intent." (*People v. Rucker*■ (Cal.App.).)

Samuels urges us to reject *Ramirez* and *Anderson* and, instead of following statutory language that is clear and unambiguous, nonetheless take the approach of our Supreme Court in *People v. Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163] to limit the cumulative imposition of enhancements, an argument already rejected in *People v. Ramirez, supra*, 33 Cal.App.4th at pages 569-572. Samuels further argues that section 667, subdivision (a)(2) limits the use of an enhancement under section 667, subdivision (a)(1) to situations where "use of strike priors will [not] create a longer term than imposing the felony enhancements . . . ." This argument that the five-year enhancement should not apply cumulatively with section 667, subdivision (e), has already been rejected in a decision with which we agree. (*People v. Anderson, supra*, 35 Cal.App.4th at pp. 597-599.) Both arguments fail to distinguish between the interpretation and application of provisions dealing only with enhancements (§§ 667, subd. (a), 667.5, subd. (b)) and a sentencing scheme such as is set forth in section 667, subdivisions (b) through (i). Samuels's speculation that the Legislature may have intended to ensure longer prison sentences and punishment for recidivists, not in a vacuum, but as compared to nonrecidivists, flies in the face of the plainly expressed legislative intent "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).)

Samuels fails to provide any reason for this court to conclude the trial court properly struck the two section 667, subdivision (a) prior convictions.

## DISPOSITION

The sentence is ordered vacated and the matter is remanded for sentencing in accordance with this opinion. In all other respects, we affirm the judgment.

Spencer, P. J., and Vogel (Miriam A.), J., concurred.

The petition of appellant Manuel Rudolfo Samuels for review by the Supreme Court was denied May 1, 1996. Mosk, J., was of the opinion that the petition should be granted.