[No. B102585. Second Dist., Div. Four. Jan. 22, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
MOISES ENRIQUE CACERES, Defendant and Appellant.

**COUNSEL**

John Hardesty, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Lisa J. Brault, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.**—Moises Enrique Caceres appeals from the judgment entered following his plea of no contest to committing a lewd act upon a child (Pen. Code, § 288, subd. (a); count 1)[1] and his admission to having suffered a prior serious felony conviction (§ 667, subd. (a)(1)) and a strike under the "Three Strikes" law (§ 667, subds. (b)-(i)) and the Three Strikes initiative (§ 1170.12, subds. (a)-(d)). He was sentenced to prison for the total term of twenty-one years, comprised of a sentence of double the eight-year upper

---

[1]All further section references are to the Penal Code unless otherwise indicated.

term on his conviction, plus five years for the prior serious felony enhancement. He was awarded 480 days precommitment credit, consisting of 418 days actual custody and 62 days conduct credit.[2]

Appellant contends the trial court erred in limiting his precommitment conduct credit to 15 percent of his actual confinement time in county jail because the Three Strikes initiative preempted the 15 percent conduct credit limitation of section 2933.1. He urges that, as a defendant sentenced under the Three Strikes initiative, he is entitled to precommitment conduct credits pursuant to section 4019 and to the 20 percent postcommitment credit limit in section 1170.12, subdivision (a)(5). We disagree and affirm the judgment.[3]

## FACTUAL SUMMARY

Viewed in accordance with the usual rules on appeal (*People* v. *Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]), the evidence established that appellant worked as a security guard at 8525 Tobias, an apartment complex in Panorama City.[4] Between November 15, 1994, and December 30, 1994, appellant called Benjamin R., who was 12 years old, "[d]ear one, sweetheart" in Spanish as he touched Benjamin's buttocks and rubbed the area of his penis through his clothes. This had occurred on more than 10 occasions. He also touched Benjamin with a flashlight between his legs and Benjamin's friends, David F. and Carlos, in the same manner. Appellant admitted to the police that he touched the boys between their legs with his flashlight.

---

[2]Appellant was sentenced on April 23, 1996. Although he was arrested on April 14, 1995, on the current offense, the credit calculation took into account the fact he had been picked up on a parole violation on March 2, 1995.

[3]Prior to the acceptance of his no contest plea, appellant advised the court through his attorney that he "dispute[d] the 15 percent credits both here at the local level and at the state level and intends to file an appeal." The court acknowledged it understood this was appellant's contention. Appellant, however, did not request a specific ruling on this issue nor does the record reflect a specific ruling on the issue.

Respondent urges appellant's challenge to the 15 percent credit limitation is not cognizable on appeal for the reason that the challenge was not first addressed by the sentencing court, citing as authority *People* v. *Little* (1993) 19 Cal.App.4th 449 [23 Cal.Rptr.2d 394] and *People* v. *Fares* (1993) 16 Cal.App.4th 954 [20 Cal.Rptr.2d 314].) We disagree. The court did acknowledge that it understood appellant's argument. By proceeding to apply the 15 percent limitation, the court rejected the argument.

[4]A short recital of facts, which is based on the preliminary hearing transcript and information, suffices since appellant, by his plea of no contest, admits "every element of the offense charged . . . , all allegations, and factors comprising the charge contained in the pleading." (*People* v. *Tuggle* (1991) 232 Cal.App.3d 147, 154 [283 Cal.Rptr. 422], citation omitted; see also *People* v. *Hoffard* (1995) 10 Cal.4th 1170, 1177 [43 Cal.Rptr.2d 827, 899 P.2d 896].)

## DISCUSSION

### 1. *15 Percent Precommitment Credit Limit Controls*

■ Appellant, a second striker, contends he is entitled to precommitment conduct credits under section 4019, for the reason that the Three Strikes initiative preempts the 15 percent credit limit of section 2933.1.

Initially, we conclude that contrary to appellant's assertion, the respective dates on which the Three Strikes law, section 2933.1, and the Three Strikes initiative became effective are of no import. The Three Strikes law was effective on March 7, 1994. (*People* v. *Martin* (1995) 32 Cal.App.4th 656, 660 [38 Cal.Rptr.2d 776].) On September 21, 1994, about six months later, section 2933.1 became effective. (*People* v. *Hill* (1995) 37 Cal.App.4th 220, 225, fn. 3 [44 Cal.Rptr.2d 11].) The Three Strikes initiative was effective on November 9, 1994. (*People* v. *Martin, supra,* 32 Cal.App.4th at p. 660, fn. 2.)

In this context, whether the Three Strikes initiative rather than the Three Strikes law applies makes no difference. The 20 percent postcommitment limit on the accrual of credit under the Three Strikes law (§ 667, subd. (c)(5)) is inapposite to precommitment credits, i.e., credits awarded prior to commitment to prison. (*People* v. *Hill, supra,* 37 Cal.App.4th at pp. 225-226.) We also conclude that the 20 percent postcommitment credit limit of the Three Strikes initiative (§ 1170.12, subd. (a)(5)), which is virtually identical to that provision, is inapposite to precommitment credits.

Generally speaking, the award of precommitment conduct credits to a defendant sentenced under the Three Strikes law or initiative is calculated by reference to section 4019. (See, e.g., *People* v. *Hill, supra,* 37 Cal.App.4th at p. 227.) Under section 4019, a defendant is entitled to accrue conduct credits based on a formula which divides the days of actual custody credit, including the date of sentencing, by four and then multiplies the result, excluding any remainder, by two. (*People* v. *Bravo* (1990) 219 Cal.App.3d 729, 735 [268 Cal.Rptr. 486]; *People* v. *King* (1992) 3 Cal.App.4th 882, 884-885 [4 Cal.Rptr.2d 723].) Based on this formula, appellant would ordinarily have been entitled to a total of 626 days precommitment credit, comprised of 418 days actual custody credit and 208 days conduct credit.

Appellant's current conviction, however, consists of a violation of section 288, subdivision (a) (committing a lewd act upon a child), which is a violent felony under section 667.5. Section 2933.1 provides in pertinent part: "(c) Notwithstanding Section 4019 or any other provision of law, the maximum

credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person [who is convicted of a felony listed in Section 667.5]. [¶] (d) This section shall only apply to offenses . . . that are committed on or after the date on which this section becomes operative."

By its terms, section 2933.1 expressly preempts "Section 4019 or any other provision of law" with respect to the maximum precommitment conduct credit to be awarded a defendant convicted of a violent felony listed in section 667.5. We therefore hold that pursuant to section 2933.1, the award of precommitment conduct credits to a Three Strikes defendant whose current conviction is for a violent felony listed in section 667.5 "shall not exceed 15 percent of the actual period of confinement."

We reject appellant's related contention that the guarantee of equal protection under the federal Constitution (U.S. Const., 14th Amend.) mandates the application of the 20 percent credit limit of the Three Strikes initiative to precommitment credits since such limit is applicable to postcommitment credits. The basic fallacy of this position is his untenable premise, as discussed *post*, that the 20 percent credit limit applies to postcommitment credits where the defendant was convicted of a violent felony listed in section 667.5. (See also *People v. Ramos* (1996) 50 Cal.App.4th 810, 821-824 [58 Cal.Rptr.2d 24] [rejecting equal protection challenge to 15 percent precommitment conduct limit of section 2933.1 based on the disparity of treatment between a detainee/violent felon and a prisoner/felon].)

### 2. *Section 2933.1 Governs Worktime Credits for Three Strikes Prisoner*

Appellant's companion contention is the 20 percent credit limit of the Three Strikes initiative preempts the 15 percent worktime credit limit of section 2933.1. As discussed *ante*, in this context, it is inconsequential whether the 20 percent limit of the Three Strikes law or the comparable provision in the Three Strike initiative is considered. (See, e.g., *People v. Applin* (1995) 40 Cal.App.4th 404, 407, fn. 12 [46 Cal.Rptr.2d 862].)

Subdivision (a)(5) of section 1170.12 provides: "Notwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions, as defined in subdivision (b), the court shall adhere to each of the following: [¶] . . . [¶] The total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part

3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison."[5]

Section 2933.1 provides in pertinent part: "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933. [¶] (b) The 15 percent limitation provided in subdivision (a) shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law."

We see no conflict. Both the Three Strikes law and the Three Strikes initiative apply where the defendant's current conviction is a felony, regardless of whether the felony is *serious, nonserious, violent,* or *nonviolent.* (§§ 667, subds. (b), (c), 1170.12, subd. (a).) In contrast, section 2933.1 applies only where the defendant's current conviction is a *violent* felony listed in section 667.5.

■ " 'It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. . . .' [Citations.]" (*In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593]; cf. *People* v. *Wheeler* (1992) 4 Cal.4th 284, 293 [14 Cal.Rptr.2d 418, 841 P.2d 938] [exception where two cannot be reconciled]; see also *People* v. *Alberts* (1995) 32 Cal.App.4th 1424, 1428 [37 Cal.Rptr.2d 401].)

"It is well settled, also, that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." (*Rose* v. *State of California* (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505]; see also *People* v. *Moroney* (1944) 24 Cal.2d 638, 644

[5]Subdivision (c)(5) of section 667 provides: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶] The total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison."

Our discussion focuses only on worktime credits although the 20 percent limit of both Three Strikes statutes encompasses the good behavior and participation credits available under section 2931 since that "section shall not apply to any person whose crime was committed on or after January 1, 1983."

[150 P.2d 888] ["Stated in another way where one provision of a statute treats specially and solely of a matter, it prevails over other provisions which make only incidental reference thereto because the attention of the Legislature was directed to the particular matter."].)

 Mindful of these principles, we conclude that the 15 percent worktime credit limit for precommitment custody in section 2933.1, a statute which specifically pertains to defendants convicted of a violent felony listed in section 667.5, prevails over the 20 percent credit limit of both the Three Strikes law and initiative, which are statutes pertaining to felons in general. Further, the language of the Three Strikes law states that the convicted felon shall be eligible for *no more* than 20 percent credits. The limits of section 2933.1 fall within this limitation.[6] We therefore hold that pursuant to section 2933.1, a prisoner convicted of a violent felony listed in section 667.5 and sentenced under the Three Strikes law or initiative "shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."

DISPOSITION

The judgment is affirmed.

Epstein, Acting P. J., and Baron, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 23, 1997.

---

[6]We observe this conclusion is consistent with and in furtherance of the Legislature's intent in enacting the Three Strikes law, which is "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).) It is also consistent with the purpose of Proposition 184, the Three Strikes initiative, which is to reinforce the legislative version. (*People* v. *Hazelton* (1996) 14 Cal.4th 101, 106-107 [58 Cal.Rptr.2d 443, 926 P.2d 423].) The 15 percent credit limit of section 2933.1 ensures the Three Strikes prisoner will serve a longer prison term. Both the Three Strikes law and the initiative limit the accrual of postcommitment credits to not more than 20 percent. This is not the equivalent of guaranteeing a prisoner credits in the maximum amount of 20 percent. Nothing in either statute precludes a lower ceiling if so mandated by some other applicable law. Section 2933.1 provides for such a lower ceiling in the case of a prisoner who was convicted of a specified violent felony.