[No. B102354. Second Dist., Div. Seven. July 15, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNY CALVIN THOMAS, Defendant and Appellant.

## COUNSEL

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Jaime L. Fuster, and Anh T. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JOHNSON, J.**—In this three strikes case, both sides contend the trial court erred in calculating the sentence. For the reasons explained below, we hold (1) when a third strike defendant is convicted on multiple counts and the life sentence on each count is to run consecutively, the minimum term of the indeterminate life sentence is calculated separately as to each count; (2) enhancements used in calculating the "minimum term of the indeterminate sentence" do not merge into the minimum term but may be separately punished; and (3) multiple convictions for serious or violent felonies not arising on the same occasion from the same set of facts must be sentenced consecutively. Based on these holdings the sentencing portion of the judgment is reversed and the cause is remanded to the trial court for resentencing in accordance with the views expressed herein.

### FACTS AND PROCEEDINGS BELOW

A jury found defendant guilty of the attempted murder and aggravated assault of Karmel McGee (counts I and II); the robbery and aggravated assault of Monique Edwards (counts III and IV); the aggravated assault of Rocky Loyce (count V) and the aggravated assault of Ghanshyam Patel (count VI). The jury also returned true findings as to the deadly weapon enhancement alleged in count I and the great bodily injury enhancements alleged in counts I, II and III. After defendant waived his right to a jury trial on the prior conviction allegations, the trial court found defendant had been

convicted of two or more serious or violent felonies within the meaning of Penal Code section 667, subdivision (d)[1] (the three strikes law) and three serious felonies within the meaning of section 667, subdivision (a).

The trial court imposed a total sentence of ninety years to life consisting of three consecutive terms of twenty-five years to life on counts I, III and V under section 667, subdivision (e)(2)(A)(ii) and three consecutive five-year terms under section 667, subdivision (a). The court imposed but stayed terms of 25 years to life on counts II and IV and imposed a concurrent term of 25 years to life on count VI. The court did not impose sentence on the deadly weapon and great bodily injury enhancements.

CONTENTIONS

Defendant contends in calculating his sentence under section 667, subdivision (e)(2) the trial court erred in sentencing him to 25 years to life on each count. The court should have compared a total minimum term of 25 years on all counts to the minimum terms that would be imposed on all counts under the "triple-the-term" and "traditional" sentencing options and sentenced defendant to consecutive life sentences with 1 minimum term based on whichever option yielded the maximum minimum.

The People contend the trial court should have imposed a consecutive rather than a concurrent life term as to count VI and should have exercised its discretion with respect to sentencing defendant on the deadly weapon and great bodily injury enhancements.

As previously noted, we agree with the People's contentions and disagree with defendant's.

DISCUSSION

I. *When a Third Strike Defendant Is Convicted on Multiple Counts and the Life Sentence on Each Count Is to Run Consecutively, the Minimum Term of the Indeterminate Life Sentence Is Calculated Separately as to Each Count.*

■ In selecting the minimum term of the indeterminate life sentence under section 667, subdivision (e)(2)(A) the trial court has three options and must choose the option which will produce the maximum minimum. Under the first, or "triple-the-term," option the court imposes a term "[t]hree times the term otherwise provided as punishment for each current felony conviction." (§ 667, subd. (e)(2)(A)(i); option 1.) Under the second, or "25 years,"

---

[1]All future statutory references are to the Penal Code.

option the court imposes a term of 25 years' imprisonment. (§ 667, subd. (e)(2)(A)(ii); option 2.) Under the third, or "traditional sentencing," option the court imposes the term that would otherwise be imposed under section 1170 including applicable enhancements. (§ 667, subd. (e)(2)(A)(iii); option 3.) For example, assume a third strike defendant is convicted of one count of—robbery with no enhancements; the minimum term of the indeterminate life sentence under option 1, "triple-the-term," would be at most fifteen years (three times the upper term of five years), under option 2 it would be twenty-five years and under option 3, "traditional sentencing," it would be at most five years (the upper term). Clearly, the court must choose option 2— 25 years.

When the defendant faces sentencing on multiple felony counts the appellate courts have held the trial court should make the same calculation as in the example above for each separate count. (*People* v. *Ayon* (1996) 46 Cal.App.4th 385, 390-394 [53 Cal.Rptr.2d 853]; *People* v. *Samuels* (1996) 42 Cal.App.4th 1022, 1027-1029 [50 Cal.Rptr.2d 157]; *People* v. *Ingram* (1995) 40 Cal.App.4th 1397, 1407-1409 [48 Cal.Rptr.2d 256]; *People* v. *Cartwright* (1995) 39 Cal.App.4th 1123, 1141-1143 [46 Cal.Rptr.2d 351].) Defendant contends these cases "are wrong." Instead of calculating the maximum minimum on each count separately, the trial court should compare a term of 25 years on all counts with the term that would be imposed on all counts under the "triple-the-term" and "traditional sentencing" options. The life sentences on each count would still run consecutively, but there would be just one minimum term to be served (the higher of option 1, 2 or 3), before the defendant was eligible for parole.

Defendant has not persuaded us the cases cited above were wrongly decided. He has, however, raised an argument not addressed in those cases which deserves a response.

Defendant's argument is based on a comparison of the language in section 667, subdivision (e)(2)(A)(i)—the "triple-the-term" option—with the language in subdivision (e)(1) which applies to "second strike" defendants, i.e., defendants with only one prior serious or violent felony conviction. Subdivision (e)(2)(A)(i) provides for a term "[t]hree times the term otherwise provided as punishment for each current felony conviction . . . ." (Italics added.) Subdivision (e)(1) provides: "the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction." (Italics added.)

When a defendant with one prior serious or violent felony is sentenced on multiple counts under section 667, subdivision (e)(1) the determinate or

"base" term is not doubled for each count. Rather, the sentence is calculated using the principal term/subordinate term method set out in section 1170.1, subdivision (a). (See, e.g., *People* v. *Hill* (1995) 37 Cal.App.4th 220, 227-228 [44 Cal.Rptr.2d 11]; *People* v. *Martin* (1995) 32 Cal.App.4th 656, 665 [38 Cal.Rptr.2d 776].) Under this method, the greatest determinate term is selected as the principal term; all other consecutive terms are subordinate terms. Subordinate terms are calculated as one-third the midterm for the offense. (§ 1170.1, subd. (a); *People* v. *Martin, supra*, 32 Cal.App.4th at p. 665.) Then, the principal term and the subordinate terms are doubled. For example, assume a defendant is facing sentencing for residential burglary and robbery and the midterm punishment applies. The defendant would be sentenced to eight years on the burglary (twice the midterm of four years) and two years on the robbery (twice one-third the midterm of three years). He would not be sentenced to six years on the robbery (twice the full midterm of three years). Thus, under section 667, subdivision (e)(1) the defendant's sentence is not calculated separately for each count but all counts are considered together in arriving at the sentence using the principal term/subordinate term methodology.

Defendant contends the same methodology should apply in calculating the minimum maximum under section 667, subdivision (e)(2)(A) because both (e)(2)(A)(i) and (e)(1) refer to "the term otherwise provided as punishment." Because a word or phrase repeated in a statute generally is presumed to have the same meaning throughout (*People* v. *McCart* (1982) 32 Cal.3d 338, 344 [185 Cal.Rptr. 284, 649 P.2d 926]), if the phrase "the term otherwise provided as punishment" refers to the principal and subordinate terms under section 1170.1 for purposes of section 667, subdivision (e)(1) it must mean the same thing for purposes of option 1 under subdivision (e)(2)(A). Therefore, if a comparison is to be made between the three options in section 667, subdivision (e)(2)(A) to determine which one yields the longer term, all counts must be considered together under options 2 and 3 or there is no basis for comparing them to option 1.

The first difficulty we have with defendant's argument is that to presume a phrase used in one part of the three strikes law means the same thing when used in another part of the three strikes law is a risky business given the statute's sloppy draftsmanship and the Byzantine complexity of the previously existing sentencing laws. (See *People* v. *Hazelton* (1996) 14 Cal.4th 101, 103 [58 Cal.Rptr.2d 443, 926 P.2d 423]; *People* v. *McKee* (1995) 36 Cal.App.4th 540, 543 [42 Cal.Rptr.2d 707].) In addition, there are other rules of statutory construction which must be taken into account. Among these are the rules that words must be construed in context, provisions relating to the same subject matter must be harmonized to the extent possible and a phrase

must not be read in isolation but in light of the statutory scheme. (*People* v. *Diaz* (1997) 54 Cal.App.4th 1499, 1514 [63 Cal.Rptr.2d 690], review granted August 20, 1997 (S062147).)

As we have previously pointed out, the Legislature did not define "the term otherwise provided as punishment" for purposes of calculating the "triple-the-term" option. Construing section 667, subdivision (e)(2)(A)(i) according to the fair import of its language and in harmony with other provisions of the Penal Code, as we are bound to do under section 4, we have concluded "the term otherwise provided as punishment," as used in that subdivision, "means the upper, middle or lower term as selected by the trial court in accordance with applicable sentencing rules." (*People* v. *Keelen* (Cal.App.).) *People* v. *Ingram*, *supra*, 40 Cal.App.4th 1397, is in accord: "[D]efendant's incorporation of section 1170.1 into [option 1] is untenable. The 'term otherwise provided as punishment' clearly means the term of punishment for the current felony offense, i.e., the determinate term whether that is the lower, middle or upper term as provided by law." (40 Cal.App.4th at p. 1407.)

Furthermore, construing "the term otherwise provided by law" as used in option 1 to mean the determinate term for each separate count makes perfect sense in the context of options 2 and 3, as the cases cited at page 401, *ante*, demonstrate. There is no need to attempt to harmonize options 2 and 3 with option 1 by giving options 2 and 3 a different interpretation from the one the appellate courts have uniformly given them. Under the existing interpretation these three options are already in harmony. *Dis*harmony only results if section 1170.1, subdivision (a) is incorporated into option 1. We also note the provisions of section 667, subdivision (e)(1) and (e)(2)(A) do not relate to the same subject matter. Subdivision (e)(1) applies to the sentencing of defendants with only one prior felony conviction; subdivision (e)(2)(A) applies to the sentencing of defendants with two or more felony convictions. It is logical for the Legislature to impose harsher sentences on the latter.[2] This leads us to our final point. Calculating a third strike defendant's minimum maximum on each count separately is consistent with the "overarching intent" of the statute " 'to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.' " (*People* v. *Superior*

---

[2]Indeed, the legislative history shows the Legislature intended to do just that. According to the Senate Judiciary Committee the three strikes law " 'would provide that if the person has two previous violent or serious felony convictions, he or she must be sentenced to a term of 25 years to life in prison *for each new felony conviction*, which must be served consecutively.' " (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 26, 1994, quoted in *People* v. *Ingram*, *supra*, 40 Cal.App.4th at p. 1408, italics added.)

Court (*Alvarez*) (1997) 14 Cal.4th 968, 975 [60 Cal.Rptr.2d 93, 928 P.2d 1171].)

For the reasons set forth above, the trial court did not err in sentencing defendant to a minimum maximum of 25 years on each count.[3]

II. *Enhancements Used to Calculate the "Minimum Term" of the Indeterminate Sentence May Be Separately Punished.*

■ The jury found defendant personally used a deadly and dangerous weapon (§ 12022, subd. (b)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)) during the commission of the attempted murder (count I) and personally inflicted great bodily injury in the assault and robbery alleged in counts II and III. The trial court did not sentence defendant on these enhancements, however, because it believed they "merged" into the 25-year minimum term under § 667, subdivision (e)(2)(A)(ii). We disagree.

There is no "dual use" problem when an enhancement provision is used both in the calculation of the minimum term of the life sentence and as the basis for a separate punishment. The punishment for a third strike defendant is life imprisonment. (§ 667, subd. (e)(2)(A).) The only use of an enhancement provision in this context is to help determine which of three options will constitute the minimum term such a defendant must serve before becoming eligible for parole. (§ 667, subd. (e)(2)(A)(i)-(iii).) The minimum term is not the punishment for the offense; nor is the enhancement added to the minimum term. Rather, the life term is the punishment and it is served consecutive to the enhancement.

The trial court apparently derived its "merger" theory from *People v. Jenkins* (1995) 10 Cal.4th 234 [40 Cal.Rptr.2d 903, 893 P.2d 1224] and *People v. Ingram, supra,* 40 Cal.App.4th 1397. As we explain below, *Jenkins* and *Ingram* are inapposite on this issue.

*People v. Jenkins* was a case interpreting the habitual offender sentencing law (§ 667.7) which predates the three strikes law. The habitual offender law, like the three strikes law, provides for an indeterminate life sentence with a minimum term to be selected from three options. The three options are: (1) twenty years, (2) the period prescribed by section 190 or 3046, or (3) "the term determined by the court pursuant to section 1170 for the

---

[3]The court could have imposed a greater minimum term on count I had it chosen to triple the upper term of nine years. However, as we explained in *People v. Keelen, supra,* it was not required to do so.

underlying conviction, including any [applicable] enhancement . . . ."[4] (§ 667.7, subd. (a)(1).) One of the issues in *Jenkins* was whether, in calculating the hypothetical determinate term under the second and third options, the trial court could include as enhancements the same prior serious felony convictions which rendered the defendant an habitual offender in the first place. The Supreme Court held ". . . the minimum period of imprisonment required under the second and third alternatives must include as a component the term of any enhancement imposed under section 667, subdivision (a), for a prior serious felony conviction." (10 Cal.4th at p. 254.)

The "merger" theory derives from dictum in *Jenkins* in which the court observed: "[T]he term of a section 667, subdivision (a), enhancement may not be imposed consecutively onto a section 667.7 life term. Engrafting a term of enhancement onto the life term would lead to a result *inconsistent* with the statute's methodology for setting the minimum period of required imprisonment. A court is required to use applicable enhancements to calculate the offender's hypothetical sentence apart from section 667.7—a sentence which, if greater than 20 years, defines the defendant's minimum period of required imprisonment. Nothing in the statute suggests that the Legislature intended that those *same* enhancements be used again to add an additional term of imprisonment onto the life term." (10 Cal.4th at p. 253, first italics added.)

The problem with attempting to apply the dictum in *Jenkins* to sentencing under the three strikes law is that, unlike the habitual offender law, engrafting a term of enhancement onto the life term under the three strikes law would lead to a result which is entirely *consistent* with the three strikes law's methodology for setting the minimum period of required imprisonment. The language of the three strikes law makes clear the Legislature intended the same enhancements be used to calculate the minimum term under option 3 and again to add an additional term of imprisonment onto the life term. The statute expressly provides the indeterminate term "shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law" (§ 667, subd. (e)(2)(B)) and shall be imposed "*in addition to any other enhancement* or punishment provisions which may apply." (§ 667, subd. (e), italics added.)

One of the issues in *People* v. *Ingram, supra,* 40 Cal.App.4th 1397, was whether the trial court could use enhancements for prior serious felony convictions under section 667, subdivision (a) in calculating the hypothetical

---

[4]The latter option is identical in wording to option 3—the traditional sentencing option—in the three strikes law. (§ 667, subd. (e)(2)(A)(iii).)

determinate term under option 3—the "traditional sentencing" option—and also impose separate punishment for these enhancements. The court concluded if the trial court "finds the longest term is provided by option [3] by including enhancements, there are no 'other enhancements or punishment provisions' to add to the minimum term. (Subd. (e).) However, if the court finds the longest minimum term is provided under either option [1] or [2] without including enhancements, any enhancements not so included are 'other enhancement or punishment provisions' which must be added to the minimum term. (Subd. (e).)" (40 Cal.App.4th at p. 1410, italics omitted.)

*Ingram* does not support the trial court's "merger" theory in this case because defendant's minimum term was determined under option 2—25 years—in which no enhancements are included. Therefore, even under *Ingram*, the enhancements were subject to separate punishment.

We conclude, therefore, under the three strikes law enhancements are subject to separate punishment and do not "merge" into the minimum term of the sentence.

Under section 1170.1, subdivision (h) the trial court may strike the additional punishment for the enhancements provided in section 12022.7 if it determines there are circumstances in mitigation of the additional punishment. Because it is clear the trial court misunderstood its discretion and believed it could not impose enhancements under section 12022.7, the People request the matter be remanded to the trial court to either impose or strike these enhancements in accordance with the law. We concur.

III. *The Trial Court Erred in Failing to Impose a Consecutive Sentence on Count Six.*

The aggravated assault on Ghanshyam Patel, as pled in the information and found by the jury, was a "serious felony" under section 1192.7, subdivision (c)(8). (§§ 245, subd. (a)(1), 667, subd. (d)(1).) Because this offense was committed on a separate occasion and arose out of a separate set of facts, consecutive punishment for this offense was mandatory. (§ 667, subd. (c)(7).) The trial court erred in ordering the punishment for this offense to run concurrently.

#### DISPOSITION

That portion of the judgment ordering sentence of defendant is reversed and the cause is remanded to the trial court for resentencing in accordance

with the views expressed in parts II and III of the opinion. In all other respects, the judgment is affirmed.

Lillie, P. J., and Woods, J., concurred.

On August 14, 1997, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied October 29, 1997.