63 Cal.App.4th 64 (1998)
WAYNE KEITH BUTLER, Petitioner,
v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.
Docket No. B117437.
Court of Appeals of California, Second District, Division Five.
April 15, 1998.
*65 COUNSEL
Michael P. Judge, Public Defender, Albert J. Menaster, Shereen Jaffe and Alex Ricciardulli, Deputy Public Defenders, for Petitioner.
No appearance for Respondent.
William Woods for Real Party in Interest.
*66 OPINION
TURNER, P.J. 

I. INTRODUCTION
Defendant, Wayne Keith Butler, had filed a mandate petition challenging the correctness of the respondent court's determination that he was ineligible for deferred entry of judgment within the meaning of Penal Code[1] section 1000 et seq. because there were allegations he was a recidivist. We conclude the express language of section 1000, subdivision (b) permits appellate review of a determination an accused drug offender is not eligible for deferred entry of judgment only on direct appeal after a conviction. We therefore deny the petition and vacate the stay of proceedings.

II. PROCEDURAL AND FACTUAL SCENARIO
Defendant was charged in an information with cocaine possession in violation of Health and Safety Code section 11350, subdivision (a). It was also alleged in the information that defendant had previously been convicted of the serious felonies of robbery (§ 211), rape (§ 261, former subd. (2)), and forcible oral copulation (§ 288a). Because of the three prior serious convictions, it was further alleged that he was subject to enhanced sentencing pursuant to sections 667, subdivisions (b) through (i) and 1170.12. Well prior to trial, defense counsel requested that defendant be considered for deferred entry of judgment. However, the respondent court concluded defendant was ineligible for deferred entry of judgment because of his three prior serious convictions and pursuant to sections 667, subdivision (c) and 1170.12, subdivision (a) which both state in relevant part: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions ... [;] [¶] ... [¶] (4) ... [d]iversion shall not be granted...." Defendant then filed a mandate petition challenging the determination that he was not eligible for deferred entry of judgment. We issued an order to show cause, set the matter for oral argument, and stayed proceedings in the respondent court.

III. DISCUSSION
(1a) We conclude we are without jurisdiction to consider the present petition. In 1972, sections 1000-1000.4 were enacted which provided for diversion of defendants charged with enumerated drug offenses from the *67 normal guilt determination process. (Stats. 1972, ch. 1255, § 17, pp. 2469-2471.) In 1993, the Legislature adopted section 667, subdivisions (b) through (i) as urgency legislation which went into effect on March 7, 1994. (People v. Franklin (1997) 57 Cal. App.4th 68, 73 [66 Cal. Rptr.2d 742]; People v. Samuels (1996) 42 Cal. App.4th 1022, 1024 [50 Cal. Rptr.2d 157].) As noted previously, section 667, subdivision (c)(4) prohibited a grant of diversion if the defendant had sustained a prior serious felony conviction. Effective November 9, 1994, the voters adopted Proposition 184 which enacted section 1170.12, which as indicated earlier, prohibited under specified circumstances a grant of diversion in subdivision (a)(4). (People v. Caceres (1997) 52 Cal. App.4th 106, 109 [60 Cal. Rptr.2d 415]; People v. Martin (1995) 32 Cal. App.4th 656, 660, fn. 2 [38 Cal. Rptr.2d 776].) On June 20, 1996, the California Supreme Court filed its opinion in People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 504, 532 [53 Cal. Rptr.2d 789, 917 P.2d 628], which held that trial judges retained the authority to strike prior serious felony conviction allegations pursuant to section 1385, subdivision (a) notwithstanding the provisions of sections 667, subdivisions (b) through (i) and 1170.12.
On September 30, 1996, Governor Pete Wilson signed Senate Bill No. 1369 which substantially amended sections 1000-1000.4. The new provisions, which will be discussed in detail shortly, replaced the diversion option with an opportunity for defendants charged with enumerated drug offenses to secure the deferred entry of judgment and ultimate dismissal contingent upon completion of a drug rehabilitation program. The Legislative Counsel's Digest for Senate Bill No. 1369 (1995-1996 Reg. Sess.) stated: "Existing law prescribes procedures for the referral to diversion of those persons charged with specified drug offenses. [¶] This bill would provide instead that, in lieu of trial, the prosecuting attorney may make a motion to the trial court to defer entry of judgment with respect to any specified drug offense that is charged, provided that the offender offers a plea of guilty. Upon that motion and the defendant's offer of a plea of guilty, the court would be required to defer a finding of guilt and entry of judgment, contingent upon the defendant's completion of an approved drug program. Upon the defendant's completion of the program, and upon the positive recommendation of the program authority and the motion of the prosecuting attorney, the court, or the probation department, but no sooner than 18 months nor later than 3 years from the date of the defendant's referral to the program, the court would be required to dismiss the charge or charges against the defendant."
Section 1000 states in pertinent part: "(a) This chapter shall apply whenever a case is before any court upon an accusatory pleading for a violation of Section 11350, 11357, 11364, 11365, 11377, or 11550 of the Health and *68 Safety Code, or Section 11358 of the Health and Safety Code if the marijuana planted, cultivated, harvested, dried, or processed is for personal use, or Section 11368 of the Health and Safety Code if the narcotic drug was secured by a fictitious prescription and is for the personal use of the defendant and was not sold or furnished to another, or subdivision (d) of Section 653f if the solicitation was for acts directed to personal use only, or Section 381 or subdivision (f) of Section 647 of the Penal Code, if for being under the influence of a controlled substance, or Section 4230 of the Business and Professions Code, and it appears to the prosecuting attorney that, except as provided in subdivision (b) of Section 11357 of the Health and Safety Code, all of the following apply to the defendant: [¶] (1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he or she has successfully completed or been terminated from diversion or deferred entry of judgment pursuant to this chapter within five years prior to the alleged commission of the charged offense." Section 1000, subdivision (b) describes the deferred entry of judgment eligibility determination process as follows: "The prosecuting attorney shall review his or her file to determine whether or not paragraphs (1) to (6), inclusive, of subdivision (a) apply to the defendant. Upon the agreement of the prosecuting attorney, law enforcement, the public defender, and the presiding judge of the criminal division of the municipal court or a judge designated by the presiding judge, this procedure shall be completed as soon as possible after the initial filing of the charges. If the defendant is found eligible, the prosecuting attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his or her attorney. This procedure is intended to allow the court to set the hearing for deferred entry of judgment at the arraignment. If the defendant is found ineligible for deferred entry of judgment, the prosecuting attorney shall file with the court a declaration in writing or state for the record the grounds upon which the determination is based, and shall make this information available to the defendant and his or her attorney. The sole remedy of a defendant who is found ineligible for deferred entry of judgment is a postconviction appeal." Defendant argues that the plain language of section 1000, subdivision (a), which defines the scope of the deferred entry of judgment option, requires that it apply to him in terms of the eligibility question even though he has previously been convicted of three serious felonies.
*69 We conclude we cannot address in this extraordinary writ proceeding the issue of whether he is eligible for deferred entry of judgment. This case involves an issue of interpretation of a statute. (2) We apply the following standard of statutory review described by the California Supreme Court: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (Freedom Newspapers, Inc. v. Orange County Employees Retirement System (1993) 6 Cal.4th 821, 826 [25 Cal. Rptr.2d 148, 863 P.2d 218]; People v. Jones (1993) 5 Cal.4th 1142, 1146 [22 Cal. Rptr.2d 753, 857 P.2d 1163].) Further, the Supreme Court has noted: "`If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute)....'" (Delaney v. Superior Court (1990) 50 Cal.3d 785, 798 [268 Cal. Rptr. 753, 789 P.2d 934].) However, the literal meaning of a statute must be in accord with its purpose as the Supreme Court noted in Lakin v. Watkins Associated Industries (1993) 6 Cal.4th 644, 658-659 [25 Cal. Rptr.2d 109, 863 P.2d 179] as follows: "We are not prohibited `from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute]....'" In Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735 [248 Cal. Rptr. 115, 755 P.2d 299], our Supreme Court added: "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation]...."
(1b) Section 1000, subdivision (b) states in unequivocal terms, "The sole remedy of a defendant who is found ineligible for deferred entry of judgment is a postconviction appeal." This language is without enumerated exception, unequivocal, clear, and unambiguous  the sole remedy available to defendant to challenge a determination as to his ineligibility for deferred entry of judgment option is a postjudgment appeal, not the use of an extraordinary writ petition.
The petition is denied. The previously entered stay order is vacated.
Armstrong, J., concurred.
*70 GODOY PEREZ, J., Concurring.
I concur in the majority's conclusion that petitioner's sole remedy for challenging the finding that he was ineligible for deferred entry of judgment is by postconviction appeal. (Pen. Code, § 1000, subd. (b).)[1]
I write separately, however, to emphasize it remains an open question whether the trial court properly denied petitioner's request for deferred entry of judgment since petitioner arguably meets the statutory criteria. First, there is no evidence petitioner has suffered any prior controlled substance convictions. (§ 1000, subd. (a)(1).) Second, there is no evidence the alleged current offense involved violence. (§ 1000, subd. (a)(2).) Third, the alleged current offense involved no other controlled substances besides the cocaine at issue. (§ 1000, subd. (a)(3).) Fourth, there is no indication petitioner has previously failed probation or parole. (§ 1000, subd. (a)(4).) Fifth, there is no evidence he has participated in a drug diversion or deferred entry of judgment program in the last five years. (§ 1000, subd. (a)(5).) And sixth, there is no indication he has been convicted of any felony in the last five years. (§ 1000, subd. (a)(6).)
Despite seemingly satisfying the statutory criteria for deferred entry of judgment, the trial court relied on three prior conviction allegations under "Three Strikes" to deny petitioner's request for deferred entry of judgment. In my mind, it is an unsettled question whether Three Strikes was properly applied here. Resolution of that question must await, however, the development of a fuller record and briefing when, and if, petitioner is convicted. (§ 1000, subd. (b) [provides right of postconviction appeal from denial of deferred entry of judgment]; see also People v. Hayes (1985) 163 Cal. App.3d 371, 375 [209 Cal. Rptr. 441] [if defendant goes to trial and is convicted, he may raise on appeal whether court properly refused to defer entry of judgment, and if he prevails on appeal, the judgment must be set aside and the case remanded to permit the trial court to exercise its discretion to defer entry of judgment]; People v. McAlister (1990) 225 Cal. App.3d 941, 944 [275 Cal. Rptr. 229] [same].) Accordingly, I concur in the majority's decision to dismiss the petition for writ of mandate without reaching the merits of petitioner's claim.
Petitioner's application for review by the Supreme Court was denied July 15, 1998.
NOTES
[1] All future statutory references are to the Penal Code unless otherwise indicated.
[1] All statutory references are to the Penal Code unless otherwise indicated.