[No. G008894. Fourth Dist., Div. Three. Jan. 31, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL GORDON MARSHALL, Defendant and Appellant.

COUNSEL

Stephen Gilbert, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Louis R. Hanoian and Rudolf Corona, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WALLIN, J.—Daniel Gordon Marshall was convicted by a jury of residential burglary. In a separate court trial, the court found to be true three prior felony convictions alleged pursuant to Penal Code section 667.[1] In this appeal Marshall argues for reversal of one of the prior convictions, contending: (1) after he was honorably discharged from the California Youth Authority (CYA), the conviction became a misdemeanor for all purposes; (2) there was an inadequate waiver of his constitutional rights at the time of his guilty plea to the charge; and (3) because the prior had been used to enhance another sentence, its use here violates the prohibition against double jeopardy. We agree with the first contention and affirm with appropriate modification.

Marshall contends that a 1979 burglary conviction which was used to enhance his sentence pursuant to section 667[2] was a misdemeanor and should not have been used. He correctly asserts that his honorable

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] That section reads in relevant part: "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive . . . a five year enhancement for each such prior conviction . . . ." (§ 667, subd. (a).)

Burglary of a dwelling house, the subject of the prior conviction in question, is a serious felony pursuant to the terms of section 667, subdivision (d) and section 1192.7, subdivision (c).

discharge from CYA in that case rendered the conviction a misdemeanor for all purposes.

Section 17, subdivision (c) reads: "When a defendant is committed to the Youth Authority for a crime punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, the offense shall, upon the discharge of the defendant from the Youth Authority, thereafter be deemed a misdemeanor for all purposes." That subdivision was added in 1976. (§ 17, see Historical Note, 47 West's Ann. Pen. Code (1988 ed.) p. 39.) Before then, alternate felony misdemeanors were deemed the latter "[w]hen the court commits the defendant to the Youth Authority." (*Ibid.*)

The genesis of that language had been a 1959 amendment which read: " 'Where a court commits a defendant to the Youth Authority upon conviction of a crime punishable, in the discretion of the court, by imprisonment in the state prison or fine or imprisonment in a county jail, the crime shall be deemed a misdemeanor.' " (Historical Note, 47 West's Ann. Pen. Code (1988 ed.) § 17, p. 39) The two notable changes during the metamorphosis of the statute are the addition of a requirement that the defendant be discharged from CYA before the matter is deemed a misdemeanor and that it shall be deemed a misdemeanor for *all purposes*.

In *People* v. *Lassiter* (1988) 202 Cal.App.3d 352 [248 Cal.Rptr. 320], the court construed this language. It held that because the defendant had been dishonorably discharged from CYA, he was not entitled to have his prior conviction treated as a misdemeanor for purposes of applying section 667, subdivision (a). (*Id.* at p. 356; see also *People* v. *Goodner* (1990) 226 Cal.App.3d 609 [276 Cal.Rptr. 542].) The court was not required to determine, as we are, the application of section 17, subdivision (c) where the defendant had been *honorably* discharged.

The *Lassiter* court's result makes sense as does construing the statute to require an honorable discharge as a prerequisite to the "reward" of misdemeanor status. But to say the statute does not apply to honorable discharges would render meaningless the plain language: "shall . . . thereafter be deemed a misdemeanor *for all purposes*." (§ 17, subd. (c), italics added.) Upon honorable discharge from the CYA, an alternate felony misdemeanor loses felony status by operation of law. (See *People* v. *Collins* (1986) 42 Cal.3d 378, 390 [228 Cal.Rptr. 899, 722 P.2d 173] [discussing use of § 17, subd. (c) misdemeanors for impeachment].)

The Attorney General seeks solace in *People* v. *Jacob* (1985) 174 Cal.App.3d 1166 [220 Cal.Rptr. 520]. There, the court held that although

the defendant had been honorably discharged from CYA, he was not entitled to the benefits of Welfare and Institutions Code sections 1179, subdivision (a), and 1772, subdivision (a).[3] The *Jacob* court reasoned that the Legislature did not intend the term "all penalties and disabilities resulting from the offense" to apply to enhancements for later committed crimes. (*People* v. *Jacob, supra*, 174 Cal.App.3d at p. 1173; compare *People* v. *Navarro* (1972) 7 Cal.3d 248, 280 [102 Cal.Rptr. 137, 497 P.2d 481] [Welf. & Inst. Code, §§ 1772 and 1179 enabled defendant to be considered for California Rehabilitation Center treatment].)

*Jacob* is distinguishable for two reasons. First, the prior conviction there was for robbery, which is not an alternate felony misdemeanor. The court had no cause to consider the application of section 17. Second, the question here is not the one considered in *Jacob*—i.e., whether Jacob was to be released from any penalty or disability arising from his prior conviction.

Marshall is subject to all penalties and disabilities arising from a misdemeanor conviction. However, pursuant to the terms of section 667, subdivision (a), it cannot qualify as an enhancing prior serious felony conviction. *People* v. *Jacob, supra*, 174 Cal.App.3d 1166, recognized this distinction when it pointed out that the court in *People* v. *Navarro, supra*, 7 Cal.3d 248, as an additional basis for ruling, relied on the fact that the defendant's prior conviction had been reduced to a misdemeanor by virtue of section 17. (*People* v. *Jacob, supra*, 174 Cal.App.3d at p. 1171.)

The abstract of judgment is ordered modified by changing the number of felony convictions found pursuant to section 667 to 2, the number of years imposed for those prior convictions to 10, and the total term imposed to 14 years. (§ 1260.) As modified, the judgment is affirmed.

Sonenshine, Acting P. J., and Crosby, J., concurred.

A petition for a rehearing was denied February 28, 1991, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied April 18, 1991.

---

[3] Those sections provide that persons honorably discharged from CYA are entitled to be released from all penalties and disabilities resulting from the conviction.