[No. F025108. Fifth Dist. Aug. 15, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
SHIRLEY ANN FRANKLIN et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts B. and C.

**COUNSEL**

Elaine Forrester and Deborah Redican Schulte, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and Edgar A. Kerry, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**DIBIASO, Acting P. J.**—We hold that a qualifying prior felony conviction is a strike under the three strikes laws even though the felony is later reduced to a misdemeanor pursuant to Penal Code section 17, subdivision (c).

### STATEMENT OF THE CASE

Appellants Shirley Ann Franklin and Sherry Marie Marquez were convicted by jury verdict of two counts of first degree burglary (Pen. Code,[1] §§ 459/460, counts 1 and 2) and four counts of vehicle theft (Veh. Code, § 10851, counts 3 through 6). The jury also found true section 667.9 enhancement allegations appended to counts 1 and 2.[2]

Franklin admitted a special allegation that she had committed the charged offenses while out on felony bail or her own recognizance in a different case (§ 12022.1). After she unsuccessfully moved to dismiss the special allegation in the information that she had suffered a prior serious felony conviction under both versions of the three strikes law (§ 667, subd. (d)(1), § 1170.12, subd. (b)(1), § 1192.7, subd. (c)(26)), Franklin waived her right to a jury trial on this allegation and, in a bifurcated proceeding, the court found she had been convicted in 1986 of the crime of grand theft of a firearm.

Franklin was sentenced to a total unstayed state prison term of 21 years and 4 months. By virtue of the finding that Franklin had previously been convicted of a serious felony, the midterm imposed on the count 1 charge of first degree burglary was doubled pursuant to the provisions of section 667, subdivision (e)(1).[3] Marquez was sentenced to a total unstayed state prison term of five years.

### STATEMENT OF FACTS

Only an abbreviated recapitulation of the evidence is necessary. On May 30, 1995, Franklin and Marquez went to the home of 85-year-old Eugene Mendez and claimed they knew one of his relatives. He invited them in. Once inside, they asked to look around. As Mendez was showing the women

---

[1]References to code sections are to the Penal Code unless otherwise noted.

[2]This section provides inter alia for a sentence enhancement of one year if the victim of the charged crime is 65 years of age or older.

[3]In our discussion of the issues raised on this appeal we will specifically cite to only the legislative version (§ 667, subds. (b) through (i)) of the three strikes laws. There are "no significant differences" between the legislative and initiative (§ 1170.12) renditions of these laws "regarding the provisions at issue here . . . ." (*People* v. *Superior Court* (*Perez*) (1995) 38 Cal.App.4th 347, 351, fn. 2 [45 Cal.Rptr.2d 107].)

his house, one of them excused herself to use the bathroom. The two women left shortly thereafter. Later that day, Mendez discovered his checkbook and $200 were missing.

On June 3, 1995, Franklin and Marquez knocked on the door of the home of 74-year-old Joseph Mirand and claimed they had met him a few months earlier. They asked to use his bathroom. Mirand allowed the two women to enter. One of them used the bathroom while the other talked to Mirand. About an hour after the women had left, Mirand received a call asking if he had given his granddaughter a check to purchase a car. Mirand then discovered that some of his checks were missing.

Franklin and Marquez attempted to purchase four vehicles with the stolen checks.

## Discussion

### A. *Prior Conviction*

In 1986, Franklin, who was then 19 years old, pled guilty to the charge of grand theft of a firearm (former § 487, subd. (3)).[4] At the time, this crime was a "wobbler" because grand theft was "punishable by imprisonment in the county jail for not more than one year or in the state prison." (Stats. 1976, ch. 1139, § 223, p. 5124.) In Franklin's case, the charge was expressly alleged as a felony and Franklin pled to it as such. After Franklin rejected a commitment to the California Rehabilitation Center, the court sentenced her to a term of two years, to be served at the California Youth Authority. Franklin received a general discharge from the Youth Authority on December 23, 1991.

■ Franklin now repeats the argument she made in the trial court when she moved to dismiss the prior serious felony allegation. She contends the three strikes sentence imposed on her as to count 1 was erroneous because section 17, subdivision (c), recharacterized her 1986 grand theft conviction from a felony to a misdemeanor when she was discharged from the Youth Authority. Section 17, subdivision (c), reads: "When a defendant is committed to the Youth Authority for a crime punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, the offense shall, upon the discharge of the defendant from the Youth Authority, thereafter be deemed a misdemeanor for all purposes."

According to Franklin, the applicable rules of statutory construction require us to hold that "prior felony-misdemeanor convictions resulting in a

---

[4]The crime of grand theft of a firearm is now found in section 487, subdivision (d).

commitment to the Youth Authority do not qualify as 'strike' priors because upon discharge [from the Youth Authority] they are misdemeanors for all purposes and thus were not intended by the drafters of the 'Three Strike Law[s]' to be included as priors."

We need not go much beyond the first rule of statutory construction—that the words of a statute are the most reliable indicator of the legislative intent (*Williams* v. *Superior Court* (1993) 5 Cal.4th 337, 350 [19 Cal.Rptr.2d 882, 852 P.2d 377])—to be convinced the lawmakers did not want section 17, subdivision (c), to play any part in the determination of a prior felony conviction under section 667, subdivisions (b) through (i). Subdivision (d)(1) of section 667 reads:

"(d) *Notwithstanding any other law* and for the purposes of subdivisions (b) to (i), inclusive, a prior *conviction* of a felony shall be defined as:

"(1) Any offense defined in subdivision (c) of section 667.5 as a violent felony or any offense defined in subdivision (c) of section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made *upon the date of that prior conviction* and is not affected by the sentence imposed unless the sentence automatically, *upon the initial sentencing*, converts the felony to a misdemeanor. None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive:

"(A) The suspension of imposition of judgment or sentence.

"(B) The stay of execution of sentence.

"(C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony.

"(D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison." (Italics added.)

This language points us to the conclusion that the word "conviction" as used in the three strikes law was intended by the Legislature to carry the narrow meaning of a verdict or guilty plea (see *People* v. *Vessell* (1995) 36 Cal.App.4th 285, 291 [42 Cal.Rptr.2d 241]), except in those situations involving a "wobbler" where the initial sentence operates to then convert a

felony "conviction" to a misdemeanor. (See for example § 17, subd. (b);[5] *People* v. *Trausch* (1995) 36 Cal.App.4th 1239, 1246 [42 Cal.Rptr.2d 836].)

It is apparent that the reclassification of a defendant's conviction under section 17, subdivision (c), happens at and as a result of the discharge and not at or as a result of the initial sentence. The statute says the felony conviction "shall, *upon the discharge* of the defendant from the Youth Authority, *thereafter* be deemed a misdemeanor for all purposes." (§ 17, subd. (c), italics added.) Accordingly, by virtue of section 667, subdivision (d), the postsentence, postcommitment reduction of a felony conviction to a misdemeanor under section 17, subdivision (c), is of no consequence in the application of the three strikes law. Franklin pled to a felony in 1986, and this conviction therefore qualifies as a strike prior even though Franklin subsequently received a general discharge from the Youth Authority.[6]

To the extent the phrase "for all purposes" in section 17, subdivision (c) may be irremediably inconsistent with the provisions of section 667, subdivision (d)(1), the latter statute takes precedence over the former. Section 17, subdivision (c), was added to the Penal Code in 1976. (Stats. 1976, ch. 1070, §§ 1 and 7, pp. 4809, 4814.) When it enacted section 667, subdivisions (b) through (i), in 1994 (Stats. 1994, ch. 12, § 1, eff. Mar. 7, 1994), the Legislature was "presumptively aware" of section 17, subdivision (c), and adopted the three strikes law in light of this preexisting provision. (*People* v. *Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 975 [60 Cal.Rptr.2d 93, 928 P.2d 1171]; *People* v. *Hernandez* (1988) 46 Cal.3d 194, 201 [249 Cal.Rptr. 850, 757 P.2d 1013].) Section 17, subdivision (c), must therefore be deemed one of the "other" laws displaced by the phrase "Notwithstanding any other

---

[5]Section 17, subdivision (b), provides in part:

"(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

"(1) After a judgment imposing a punishment other than imprisonment in the state prison.

"(2) When the court, upon committing the defendant to the Youth Authority, designates the offense to be a misdemeanor.

"(3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

[6]Section 17, subdivision (c) has not been applied when the discharge is dishonorable. (*People* v. *Lassiter* (1988) 202 Cal.App.3d 352, 356 [248 Cal.Rptr. 320]; *People* v. *Goodner* (1990) 226 Cal.App.3d 609, 616-617 [276 Cal.Rptr. 542].) We do not address the issue of whether a general discharge constitutes evidence of the successful completion of a Youth Authority commitment within the purview of section 17, subdivision (c). A general discharge is granted when a defendant has not met the criteria for an honorable discharge but the record does not clearly warrant a dishonorable discharge. (Cal. Code Regs., tit. 15, § 4996.)

law" found in subdivisions (c), (d) and (f)(1) of section 667.[7] This "term of art" expresses a legislative intent "to have the specific statute control despite the existence of other law which might otherwise govern." (*People* v. *DeLaCruz* (1993) 20 Cal.App.4th 955, 963 [25 Cal.Rptr.2d 202].) Moreover, where two statutes addressing the same subject are irreconcilable, the later in time will prevail over the earlier. (*Los Angeles Police Protective League* v. *City of Los Angeles* (1994) 27 Cal.App.4th 168, 179 [32 Cal.Rptr.2d 574]; see also Gov. Code, § 9605.)

Franklin argues the Legislature would have explicitly mentioned section 17, subdivision (c), in section 667, subdivisions (b) through (i), if it had not desired the earlier law to influence the determination of a strike prior. We disagree. While our reading of section 667, subdivisions (b) through (i), discloses that the drafters intended to include some, but not all, juvenile adjudications as "strikes," the dividing line is not the offender's committal to and satisfactory discharge from the California Youth Authority but rather the offender's age of 16 years or older at the time of the commission of the prior offense. (§ 667, subd. (d)(3); *People* v. *Davis* (1997) 15 Cal.4th 1096 [64 Cal.Rptr.2d 879, 938 P.2d 938].) Because subdivision (d)(1) of section 667 necessarily excludes section 17, subdivision (c), from playing any role in the determination of a strike prior, there was simply no reason for the Legislature to include other language in the three strikes law which might have more specifically made the same point. It is of no import that in 1995 a bill (Assembly Bill No. 587) was introduced in the Assembly which, if passed, would have added a provision to the three strikes law stating that section 17, subdivision (c), misdemeanors are felony convictions for purposes of three strikes. (*Grupe Development Co.* v. *Superior Court* (1993) 4 Cal.4th 911, 922-923 [16 Cal.Rptr.2d 226, 844 P.2d 545].)

Franklin cites *People* v. *Marshall* (1991) 227 Cal.App.3d 502 [277 Cal.Rptr. 846], which held that a section 17, subdivision (c), misdemeanor did not support the imposition of a section 667, subdivision (a), enhancement. (227 Cal.App.3d at p. 504.) *Marshall* is not relevant, because it preceded the enactment of section 667, subdivisions (b) through (i), and thus did not address the relationship between the three strikes law and section 17, subdivision (c). (See Gov. Code, § 9605 [Where part of statute is amended

---

[7]Subdivision (c) of section 667 provides in part that "*Notwithstanding any other law*, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony *convictions* as defined in subdivision (d)," the defendant must be sentenced in accord with the provisions of the three strikes law. (Italics added.)

Subdivision (f)(1) of section 667 states that "*Notwithstanding any other law*, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d). The prosecuting attorney shall plead and prove each prior felony conviction except as provided in paragraph (2)." (Italics added.)

the new provisions are considered as having been enacted at the time of amendment].) Section 667, subdivision (a), is not a part of the three strikes law. (Stats. 1994, ch. 12, § 1, eff. Mar. 7, 1994.)

Our conclusion carries out rather than undermines the goals of both the three strikes law and section 17, subdivision (c). A recent case from this court addressed these subjects in a substantially comparable context. In *People* v. *Daniels* (1996) 51 Cal.App.4th 520, 525 [59 Cal.Rptr.2d 395], we held that the expungement of a juvenile felony adjudication pursuant to Welfare and Institutions Code section 1772 does not preclude the later use of the adjudication as a strike under Penal Code section 667, subdivision (d)(1).[8] We agreed with those cases interpreting and implementing Welfare and Institutions Code section 1772 in a variety of circumstances which found that the rehabilitative purpose behind this section—the release of the individual from the penalties and disabilities of the expunged offense—was not implicated in a later criminal prosecution on a new offense, and therefore that the benefits of the statute do not include the reduction of the punishment for the new crime. (*Daniels* at pp. 524-525.) We summarized: "The foregoing authorities support the determination that the phrase 'all penalties and disabilities' as used in section 1772, does not preclude treatment of expunged felony convictions as strikes. The Three Strikes law is not a rehabilitative statute designed to provide nonpunitive treatment . . . . Rather, . . . the Three Strikes law was enacted as a public protection measure. In fact, the statute expressly provides that its purpose is to ensure longer prison sentences and greater punishment for individuals who commit a felony after having been previously convicted of serious or violent felony offenses and released into society. (Pen. Code, § 667, subd. (b).) . . . [T]he rehabilitative goals of the Youth Authority Act are not furthered by relieving defendant of the consequences occasioned by commission of another offense. Concluding that the prior convictions at issue here could not be treated as strikes would actually undermine both the Youth Authority Act and the Three Strikes law." (*People* v. *Daniels, supra,* 51 Cal.App.4th at pp. 525-526.)

This rationale is equally applicable to the issue raised here by Franklin. Section 17, subdivision (c), does not provide youthful offenders with a self-help method of mitigating the punishment prescribed by the three strikes law for future illegal acts. (See *People* v. *Shields* (1991) 228 Cal.App.3d 1239, 1242 [279 Cal.Rptr. 403].)

---

[8]Welfare and Institutions Code section 1772, in part, permits an individual who has been honorably discharged from a Youth Authority commitment to petition the superior court for an order setting aside the verdict and dismiss the information; if the petition is granted, the individual is "released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, . . . ." (Welf. & Inst. Code, § 1772; *People* v. *Daniels, supra,* 51 Cal.App.4th at p. 523.)

Our conclusion is also not inconsistent with those opinions which have held that the three strikes law does not abrogate the trial court's discretion under section 17, subdivision (b), to sentence a "wobbler" as a misdemeanor or as a felony. (See *People* v. *Superior Court* (*Alvarez*), *supra*, 14 Cal.4th at p. 979; see also *People* v. *Dent* (1995) 38 Cal.App.4th 1726, 1728 [45 Cal.Rptr.2d 746]; *People* v. *Superior Court* (*Perez*), *supra*, 38 Cal.App.4th at p. 351; *People* v. *Trausch*, *supra*, 36 Cal.App.4th at p. 1241; *People* v. *Vessell*, *supra*, 36 Cal.App.4th at p. 287.) None of these cases considered the relationship between section 17, subdivision (c), and the three strikes law. Although the three strikes law "did not override" a trial court's section 17, subdivision (b), discretion (*Alvarez*, *supra*, at p. 976), the express language of 667, subdivision (d)(1), establishes the Legislature did intend that it prevail over section 17, subdivision (c), in determining whether a prior conviction qualifies as a strike.

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed. The trial court shall review the abstract of judgment to determine if it accurately reflects the sentence imposed and shall correct the abstract as necessary.

Thaxter, J., and Buckley, J., concurred.

A petition for a rehearing was denied September 12, 1997, and the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied November 25, 1997. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 68.