EDMUND G. BROWN JR. Attorney General DANIEL G. STONE Deputy Attorney General
THE HONORABLE KAREN KEATING JAHR, COUNTY COUNSEL, COUNTY OF SHASTA, has requested an opinion on the following question:
May a county contribute toward the costs of health care coverage provided under the Public Employees' Medical and Hospital Care Act for a retired member of the board of supervisors who is a member of the California Public Employees' Retirement System and is otherwise eligible for such health care coverage, if the supervisor was (1) first elected to a term of office that began after January 1, 1995; or (2) first elected to a term of office that began before January 1, 1995, but did not serve in office after January 1, 1981; or (3) first elected to a term of office that began before January 1, 1995, but whose total service at the time of termination was less than 12 years? *Page 2 
 CONCLUSION
A county may contribute toward the costs of health care coverage provided under the Public Employees' Medical and Hospital Care Act for a retired member of the board of supervisors who is a member of the California Public Employees' Retirement System and is otherwise eligible for such health care coverage, even if the supervisor was (1) first elected to a term of office that began after January 1, 1995; or (2) first elected to a term of office that began before January 1, 1995, but did not serve in office after January 1, 1981; or (3) first elected to a term of office that began before January 1, 1995, but whose total service at the time of termination was less than 12 years.
 ANALYSIS
The Public Employees' Medical and Hospital Care Act (Gov. Code, §§22750-22948; "PEMHCA")[1] permits public agencies to provide health care benefits to their employees and annuitants under specified circumstances. PEMHCA is administered by the Board of Administration of the California Public Employees' Retirement System. (§§ 22754, subd. (a); 22771; "CalPERS Board.") Besides the state, a number of local public agencies have contracted with CalPERS to administer Board-approved health plans for their employees and annuitants. (89 Ops.Cal.Atty.Gen. 232, 233 (2006).) A local "contracting agency," such as a county, and "each employee or annuitant" must contribute to the cost of health plan coverage provided under a plan approved by the CalPERS Board. Subdivision (a) of section 22890 provides:
 The contracting agency and each employee or annuitant shall contribute a portion of the cost of providing the benefit coverage afforded under the health benefit plan approved or maintained by the board in which the employee or annuitant may be enrolled.
The question presented for resolution is whether a county is prohibited from paying its portion of the costs of PEMHCA health care coverage for certain retired members of its board of supervisors, who are CalPERS members and are otherwise eligible for such health care coverage (see § 20322), in the following circumstances: (1) the supervisor's first term of office began after January 1, 1995; (2) the supervisor's first term of office began before January 1, 1995, but he or she did not serve in office after January 1, 1981; and (3) the supervisor's first term of office began before January 1, 1995, but his or her total service *Page 3 
as a supervisor was less than 12 years. The question arises due to the prohibitions and restrictions contained in a different statutory scheme (§§ 53200-53210) that governs group insurance coverage for employees of local agencies. (See 85 Ops.Cal.Atty.Gen. 63 (2002);83 Ops.Cal.Atty.Gen. 14 (2000); 81 Ops.Cal.Atty.Gen. 218 (1998).) Among those provisions, the most critical statute requiring our interpretation is section 53201, which provides:
 (a) The legislative body of a local agency, subject to conditions as may be established by it, may provide for any health and welfare benefits for the benefit of its officers, employees, retired employees, and retired members of the legislative body, as provided in subdivision (b), who elect to accept the benefits and who authorize the local agency to deduct the premiums, dues, or other charges from their compensation, to the extent that the charges are not covered by payments from funds under the jurisdiction of the local agency as permitted by Section 53205.
 (b) The legislative body of a local agency may also provide for the continuation of any health and welfare benefits for the benefit of former elective members of the legislative body who (1) served in office after January 1, 1981, and whose total service at the time of termination is not less than 12 years, or (2) have completed one or more terms of office, but less than 12 years, and who agree to and do pay the full costs of the health and welfare benefits.
 (c) (1) Notwithstanding any other provision of law, a legislative body of a local agency that provided benefits pursuant to subdivision (b) to former elective members of the legislative body [before] January 1, 1995, shall not provide those benefits to any person first elected to a term of office that begins on or after January 1, 1995, unless the recipient participates on a self-pay basis, as provided in subdivision (b).
 (2) A legislative body of a local agency that did not provide benefits pursuant to subdivision (b) to former elective members of the legislative body before January 1, 1994, shall not provide those benefits to former elective members of the legislative body after January 1, 1994, unless the recipients participate on a self-pay basis. *Page 4 
 (3) A legislative body of a local agency that provided benefits pursuant to subdivision (b) to former elective members of the legislative body before January 1, 1994, may continue to provide those benefits to those members who received those benefits before January 1, 1994.[2]
Also relevant to our inquiry is section 53205, which states:
 From funds under its jurisdiction, the legislative body may authorize payment of all, or such portion as it may elect, of the premiums, dues, or other charges for health and welfare benefits of officers, employees, retired employees, former elective members specified in subdivision (b) of Section 53201, and retired members of the legislative body subject to its jurisdiction.
 Those expenditures are charges against the funds. If the employer pays any portion of the premiums, dues, or other charges for the health and welfare benefits, any dividends paid or premiums refunded or other rebates or refunds under any of those health and welfare benefits up to the aggregate expenditures of the employer for the benefits are the employer's property. The excess, if any, shall be applied by the employer for the benefit of the employees or their dependents generally.[3]
Subdivisions (b) and (c) of section 53201 thus restrict the circumstances under which a county may contribute to health plan coverage for "former members" of its board of supervisors, making such costs the sole responsibility of the former supervisors in most cases. A county is permitted to contribute only if a supervisor has served in that capacity for 12 years or more, some of which service occurred after January 1, 1981, and the county has provided employer contributions before January 1, 1994. If subdivisions (b) and (c) were deemed applicable to PEMHCA annuitants, those provisions would conflict with the mandate of section 22890, subdivision (a), that contracting agencies must contribute to the health care coverage of their annuitants. *Page 5 
We find no contradiction between these statutory schemes, however, because the prohibitions and restrictions of section 53201 regarding "former members" have no application to annuitants enrolled under PEMHCA. In 62 Ops.Cal.Atty.Gen. 631 (1979), we explained the distinction between "former members" of a local agency's legislative body and "retired members of the legislative body" as the latter phrase is used in sections 53201 and 53205. The term "retired members" refers exclusively to persons "who have qualified for a pension as a result of service to the [local agency]." (Id. at p. 634; see also81 Ops.Cal.Atty.Gen., supra, at pp. 219-220.)[4]
The Legislature later confirmed and codified this distinction in 1980 (Stats. 1980, ch. 129, § 1), by adding subdivision (b) to section 53201 to "also" permit local agencies to use public funds for health and welfare benefits for a new category of persons: "former elective members of the legislative body who serve in office after January 1, 1981, and whose total service at the time of termination of service exceeds 12 years." At the same time, a corresponding change was made to section 53205, authorizing use of public funds to pay for the health plans of "former elective members specified in subdivision (b) of Section 53201." (Stats. 1980, ch. 129, § 2.)
Subdivision (b) was modified in 1985 to add yet another set of persons who could participate in a local agency's group health plan: "former elective members of the legislative body who . . . have completed one or more terms of office, but less than 12 years," provided that such persons "agree to and do pay the full costs of the health and welfare benefits." (Stats. 1985, ch. 141, § 1; see83 Ops.Cal.Atty.Gen., supra, at p. 16.)
This legislative trend of expanding coverage came to an end, however, when section 53201 was amended in 1994. (Stats. 1994, ch. 615, § 1.) The 1994 amendment added a new subdivision (c), and it also modified subdivision (a) by inserting the clause "as provided in subdivision (b)" immediately after the phrase "officers, employees, retired employees, and retired members of the legislative body."
In our view, neither the addition of subdivision (c) to section 53201 nor the change in subdivision (a) affected the authority of a local agency to provide health benefits for "retired members of the legislative body," an authority first granted under the statute in *Page 6 
1979 (Stats. 1979, ch. 415, §§ 1, 2). The 1994 amendments concerned only "former" members of the legislative body, not "retired" members, as those classes of persons have been distinguished in our prior opinions and by the Legislature in other statutory provisions.
First, with respect to new subdivision (c) of section 53201, we find that this provision affects "former elective members of the legislative body" who were "also" made eligible to participate in a local agency's health and welfare plan by the addition of subdivision (b) in 1980 (Stats. 1980, ch. 129, § 1) and by the 1985 amendment expanding the scope of that subdivision (Stats. 1985, ch. 141, § 1). (See83 Ops.Cal.Atty.Gen., supra, at p. 16;81 Ops.Cal.Atty.Gen., supra, at pp. 219-222.) "Also" is the operative word in subdivision (b), and is commonly understood to mean "in addition." (Webster's 3d New Internat. Dict. (2002) p. 62). The newly defined subdivision (b) category of eligible persons was a separate addition to those who had already been designated as eligible under subdivision (a) of section 53201 — namely, the local agency's "officers, employees, retired employees, and retired members of the legislative body." (See Stats. 1979, ch. 415, §§ 1, 2; 62 Ops.Cal.Atty.Gen., supra, at p. 634.)
Because subdivision (c) of section 53201 makes no mention either of subdivision (a) or of the persons identified therein, it has no effect upon the status of these specified persons. (See Wasatch PropertyManagement v. Degrate (2005) 35 Cal.4th 1111, 1118 [when Legislature carefully employs term in one place and excludes it in another, "it should not be implied where excluded"]; Cornette v. Department ofTransp. (2001) 26 Cal.4th 63, 73 [where term contained in one part of statute is omitted from another, Legislature "intend[s] to convey a different meaning"]; Estate of Griswold (2001) 25 Cal.4th 904, 915-916
[where term in statute has been judicially construed and same term appears in later amendment, "we may presume that the Legislature intended the same construction, unless a contrary intent clearly appears"].)
To be sure, subdivision (c)(1) of section 53201 opens with the clause "notwithstanding any other provision of law," indicating that this provision is to take precedence over other statutes affecting the same subject matter. (See, e.g., People v. Franklin (1997) 57 Cal.App.4th 68,74; People v. DeLaCruz (1993) 20 Cal.App.4th 955, 963.) But subdivision (c) concerns persons "who simply claim prior employment or prior service" as board members, without more, while subdivision (a) continues to govern persons who "have achieved a pension status" pursuant to a county's pension plan. (62 Ops.Cal.Atty.Gen., supra, at p. 633.) In short, the "notwithstanding" clause of subdivision (c) has no application to subdivision (a); rather, subdivision (c)'s precedence over other statutes is limited to statutes dealing with the health and welfare benefits of "former members." *Page 7 
Nor is our conclusion affected by the second change made to section 53201 by the 1994 amendment — the insertion of the clause "as provided in subdivision (b)" into the middle of subdivision (a). As noted above, this clause appears immediately after the phrase "officers, employees, retired employees, and retired members of the legislative body." But subdivision (b) "provides" nothing with respect to retired members, nor does it concern, in any respect, "officers, employees, [or] retired employees." Instead, subdivision (b)'s exclusive focus is upon "former members," which the Legislature has distinguished from "retired members." (§ 53205.) Hence, subdivision (a)'s reference to subdivision (b) is, at best, incongruous.
Our reading of section 53201 is supported by the legislative history of the 1994 amendment, which indicates that only "former elective members" were to be affected by the proposed legislation. For example, the Legislative Counsel's summary digest includes no mention of "retired members" when describing the legislation. (Legis. Counsel's Dig., Sen. Bill No. 1893, Stats. 1994, Summary Digest, p. 230; see Pollack v.Department of Motor Vehicles (1985) 38 Cal.3d 367, 376-377 [it may reasonably be presumed that legislative amendments have "the intent and meaning expressed in the Legislative Counsel's Digest"].)
Finally, our construction of the terms of sections 53201 and 53205 is in accordance with the rule that ambiguities must be resolved in favor of those receiving public pensions. (See, e.g., Ventura County DeputySheriffs' Assn. v. Board of Retirement (1977) 16 Cal.4th 483, 490;Hittle v. Santa Barbara County Employees' Retirement Assn. (1985)39 Cal.3d 374, 390.) In this case, our interpretation preserves the PEMHCA benefits of retired board members, as provided in section 53205 and in subdivision (a) of section 53201.
We are mindful that we must endeavor to accord significance to every word and phrase of a statute (see Copley Press, Inc. v. SuperiorCourt (2006) 39 Cal.4th 1272, 1285-1286; Cooley v. Superior Court (2002)29 Cal.4th 228, 249); however, this objective may not be achievable in every instance. In Kopping v. Workers' Compensation Appeals Bd. (2006)142 Cal.App.4th 1099, 1110, the court observed:
 [It] has been described elsewhere as the "cardinal rule of statutory construction that in attempting to ascertain the legislative intention effect should be given, whenever possible, to the statute as a whole and to every word and clause thereof, leaving no part or provision useless or deprived of meaning." [Citation.] Thus, while every reasonable attempt should be made to give meaning to every part of a statute, this rule recognizes that sometimes it is impossible to achieve this goal. The question for us is whether this is one of those times. *Page 8 
Here, we find that the 1994 amendment to subdivision (a) of section 53201 is "one of those times." Viewing the inserted phrase, "as provided in subdivision (b)," in light of the legislative history of section 53201, prior interpretations of the statute, and surrounding statutory provisions treating the same subject matter (see California TeachersAssociation v. Governing Bd. of Rialto Unified School Dist. (1997)14 Cal.4th 627, 642), we find that there is no reasonable interpretation under which the inserted phrase may be given effect. Hence, the prohibitions and restrictions relating to "former members," contained in subdivisions (b) and (c) of section 53201, continue to have no application to "retired members," for whom subdivision (a) remains the operative statutory provision.
We conclude that a county may contribute toward the costs of health care coverage provided under PEMHCA for a retired member of the board of supervisors who is a CalPERS member and is otherwise eligible for such health care coverage, even if the supervisor was (1) first elected to a term of office that began after January 1, 1995; or (2) first elected to a term of office that began before January 1, 1995, but did not serve in office after January 1, 1981; or (3) first elected to a term of office that began before January 1, 1995, but whose total service at the time of termination was less than 12 years.
[1] All references hereafter to the Government Code are by section number only.
[2] The word "before" was inadvertently omitted from subdivision (c)(1) of section 53201 when the Legislature amended the statute in 1995 (Stats. 1995, ch. 529, § 5). (See 85 Ops.Cal.Atty.Gen., supra, at p. 64, fn. 2.)
[3] The final phrase "subject to its jurisdiction" in the first paragraph of section 53205 applies to all of the enumerated categories; that language preceded the 1979 amendment adding "retired members of the legislative body" to the list. (Compare Stats. 1963, ch. 1773, § 2, with Stats. 1979, ch. 415, § 2.)
[4] PEMHCA does not authorize benefit coverage for "former members" of the legislative bodies of contracting agencies as such. Rather, eligibility is restricted to "employees" and "annuitants" (§ 22890), and former members are neither. They are plainly not current employees (§ 22772); neither are they annuitants, because they are not receiving retirement allowances under the contracting agencies' retirement plans (§ 22760). *Page 1