Filed 10/23/15  P. v. Sturges CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063273 |
| v. | (Super.Ct.No. FVI1404016) |
| JEFFREY MARK STURGES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Raymond L. Haight, III, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Jeffrey Sturges is serving the four-year prison sentence to which he agreed when he pled guilty to a single count of being a felon in possession of a firearm and admitted a prior strike conviction.  We affirm.

1

## STATEMENT OF FACTS AND PROCEDURE

On April 26, 2014, police received defendant's consent to search his home during a narcotics investigation. During the search, police found methamphetamine, a stolen 12 gauge Mossbert shotgun, an unregistered Remington 870 shotgun, a .22 caliber revolver, two black power rifles and numerous live rounds of ammunition.

On October 24, 2014, the People filed a felony complaint charging defendant with five counts of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)); one count of possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)); and one count of unlawfully possessing ammunition (Pen. Code, § 30305, subd. (a)(1)). The People also alleged defendant had a prior strike conviction from 1988 (Pen. Code, §§ 667, subds. (b)-(i) and 1170.12, (a)-(d)).

On February 9, 2015, defendant pled guilty to one count of being a felon in possession of a firearm and admitted the prior strike conviction. Also on that date, the trial court sentenced defendant according to the plea agreement to the middle term of two years in state prison, doubled to four years for the prior strike conviction.

Defendant filed his notice of appeal on April 6, 2015, and requested a certificate of probable cause, which the trial court denied on April 7.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

2

the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief. Defendant has filed a handwritten, very polite and concise brief, in which he raises four issues. We address each in turn.

First, defendant states his prior strike conviction for burglary resulted in a commitment to the California Youth Authority (CYA). He relates that he has read and been informed that the conviction therefore does not count as a strike. This is not the case. Penal Code section 667, subdivision (d)(1), provides in relevant part "The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (See also *People v. Daniels* (1996) 51 Cal.App.4th 520.)

Second, defendant argues this prior conviction cannot be used as a strike because under Penal Code section 17, subdivision (b), it became a misdemeanor when he was released from CYA. Defendant is mistaken for several reasons, including Penal Code section 667, subdivision (d)(1), cited above. (See also *People v. Franklin* (1997) 57 Cal.App.4th 68.)

Third, defendant argues he should be considered to be outside the scheme of the Three Strikes Law because of the length of time between crimes, his lack of

3

sophistication, and his cooperation with law enforcement. We point out that defendant agreed to the sentence imposed. The denial of his request for a certificate of probable cause forecloses our consideration of this issue. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76-86.)

Fourth, defendant asks this court to change his sentence to a rehab placement instead of state prison. This issue is not appealable, again because he both agreed to the sentence imposed and failed to obtain a certificate of probable cause.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

MILLER
J.

CODRINGTON
J.

4