Filed 7/13/16  P. v. Shields CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ROBERT CHRIS SHIELDS,<br><br>　　　Defendant and Appellant. | E063966<br><br>(Super.Ct.Nos. FSB031656,<br>　FSB07472 & SCR41932)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed in part; reversed in part.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Marvin E. Mizell and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Robert Chris Shields appeals from the denial of his petition under Proposition 47, the Safe Neighborhoods and Schools Act. (Pen. Code, § 1170.18; unless otherwise indicated, all additional statutory references are to the Penal Code.) Defendant argues he is entitled to have his prior convictions for petty theft with a prior designated as misdemeanors (former § 666), and that he is entitled to be resentenced in his current felony case because his sentence includes two one-year prior prison term enhancements based on those prior convictions. Defendant also argues his appointed attorney rendered ineffective assistance of counsel at the hearing on the petition by not objecting to the denial.

We agree defendant's prior convictions for petty theft with a prior are eligible to be designated as misdemeanors and, therefore, we reverse the denial of his petition to the extent it requested relief under section 1170.18, subdivisions (f) and (g). Because we reverse the order to that extent, we need not address defendant's related claim of ineffective assistance of counsel. However, because we conclude designation of a prior conviction as a misdemeanor does not operate retroactively to negate a prior prison term sentence enhancement imposed on a felony that is not governed by Proposition 47, we affirm the denial of the petition to the extent defendant requested resentencing in his current felony case pursuant to section 1170.18, subdivisions (a) and (b).

# I.

## PROCEDURAL BACKGROUND

The underlying facts of defendant's offenses are not relevant to the issues in this appeal. By order dated May 20, 2016, we have taken judicial notice of the record from defendant's appeal in case No. E033124. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

In case No. FSB03165, in a second amended information, the People charged defendant with one count of attempted second degree robbery (§§ 664, 211; count 1) and six counts of second degree robbery (§ 211; counts 2-7). For purposes of sentencing, the People alleged defendant personally used a deadly weapon during the commission of counts 1 through 3 (§ 12022, subd. (b)(1)), he suffered prior serious or violent felony convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and suffered prior serious felony convictions (§ 667, subd. (a)(1)). The People also alleged defendant served five prior prison terms (§ 667.5, subd. (b)), two of which were based on convictions for petty theft with a prior in violation of former section 666.

A jury found defendant guilty as charged on counts 1, 2, 3, 6 and 7, guilty of the lesser included offense of misdemeanor petty theft on counts 4 and 5, and found true the allegation of personal use of a firearm during the commission of counts 1 through 3. Defendant admitted to serving five prior prison terms and to suffering a prior serious felony conviction.

The trial court sentenced defendant to a total term of 19 years in state prison. The trial court deemed count 2 to be the principal count and sentenced defendant to the middle

term of six years in state prison. With respect to the finding of personal use of a firearm during the commission of count 2, the court sentenced defendant to the lower term of one year to be served consecutively to the sentence on count 2. The trial court sentenced defendant to two years for each of defendant's convictions on counts 6 and 7, to run consecutively with the sentence on count 2. For defendant's prior serious felony conviction, the trial court sentenced defendant to five years to be served consecutively with the sentence on count 2. With respect to defendant's five admitted prison priors, the trial court sentenced defendant to one year for each; stayed execution of the one-year sentence on one prison prior pursuant to section 654; struck imposition of the sentence on another; and ordered the sentence on the remaining prison priors to run consecutively with the sentence on count 2. The trial court sentenced defendant to two years on count 1 and three years on count 3. Additionally, the court imposed a one-year term for each of the findings that defendant personally used a firearm during the commission of counts 1 and 3, to be served concurrently with the sentence on count 2. Finally, on the People's motion, the trial court dismissed the convictions on counts 4 and 5 pursuant to section 1385.

This court affirmed the judgment on direct appeal. (*People v. Shields* (Sept. 8, 2003, E033124) [nonpub. opn.].)

After the passage of Proposition 47, defendant filed a form petition in the superior court in his current case (case no. FSB031656). In the spaces provided for "felonies affected by Proposition 47," defendant listed his prior convictions for petty theft with a prior in case Nos. SCR41932 and FSB07472. At the hearing on defendant's petition, the

4

trial court stated, "Court found these charges not eligible." When asked if defendant's appointed attorney had any objection, counsel responded, "No objection." The trial court therefore denied the petition.

In a handwritten letter filed with the trial court, defendant acknowledged the offenses in his current case were not eligible for resentencing under Proposition 47, but defendant explained he was refiling his petition and seeking an order designating as misdemeanors his prior convictions for petty theft with a prior that were used to enhance his current sentence. Defendant argued the trial court should not have denied his original petition because he listed the case numbers for his priors.

The superior court treated defendant's letter as a notice of appeal.

II.

DISCUSSION

Defendant contends his prior convictions for petty theft with a prior are eligible to be designated as misdemeanors under section 1170.18 and, consequently, his current sentence should be reduced by two years to remove the prior prison term enhancements based on those prior convictions. In addition, defendant contends his appointed attorney rendered ineffective assistance of counsel by failing to object when the trial court indicated it would deny the petition. We agree defendant's prior convictions for petty theft with a prior are eligible to be designated as misdemeanors under Proposition 47, and to that extent conclude the trial court erred by denying the petition. However, we also conclude designation of defendant's prior convictions as misdemeanors does not entitle him to resentencing in his current case.

5

A.    *Defendant Is Entitled to Have His Prior Convictions for Petty Theft with a*
*Prior Designated as Misdemeanors*

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).)  "Proposition 47 also created a new resentencing provision:  section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47."  (*Id.* at p. 1092.)  "Section 1170.18 also provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.'  (§ 1170.18, subds. (f); see *id.*, subds. (g)-(h).)"  (*Id.* at p. 1093.)  "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense as a misdemeanor."  (§ 1170.18, subd. (g).)

"One of the nonserious crimes affected by Proposition 47 is petty theft with a prior under former section 666.  For most persons, the crime of petty theft with a prior, for which the punishment is imprisonment in the county jail not exceeding one year or in the state prison, is eliminated.  As amended by the initiative, section 666 applies only if: (1) the person is convicted of petty theft in the current case; (2) has served a term of imprisonment for a prior conviction of 'petty theft, grand theft, a conviction pursuant to

6

subdivision (d) or (e) of Section 368 [(elder abuse)], auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496'; and (3) 'is required to register pursuant to the Sex Offender Registration Act, or . . . has a prior violent or serious felony conviction, as specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667, or has a conviction pursuant to subdivision (d) or (e) of Section 368.'  (§ 666, subd. (a), (b).)"  (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1330.)

The People do not dispute defendant's prior convictions under former section 666 are eligible to be designated as misdemeanors under Proposition 47.  Nothing in the record indicates defendant's criminal history would subject him to felony punishment under amended section 666.  However, the People argue defendant is not entitled to relief just yet because he filed his petition in his current case instead of in the prior cases, and because he did not file his petition in the court which entered the prior judgments.  We disagree.

Although defendant's initial petition listed his current case number in the caption, it clearly listed the prior case numbers in the spaces provided for "felonies affected by Proposition 47."  In addition, in defendant's handwritten letter to the court—which he characterized as a refiled petition—defendant made it clear he was seeking relief in his prior cases.  Nor did defendant file his petition in the wrong court.  Defendant filed his petition in the Superior Court of San Bernardino County, which is where defendant's two prior cases *and* his current case arose.  To the extent the People contend defendant was required to file his petition in the same *department* that entered the judgment in his prior

7

cases, the trial court found defendant waived his right under section 1170.18, subdivision (*l*), to have his petition heard by the sentencing judge. This case is therefore dissimilar to *People v. Marks* (2015) 243 Cal.App.4th 331, where this court found a petition filed in the Superior Court of Riverside County was defective because (1) it sought reclassification of prior convictions entered in the Superior Court of *Los Angeles* County and (2) the "petition bore only the current case number; it did not identify the case numbers for his prior convictions." (*Id.* at p. 335.)

Defendant was entitled to have designated as misdemeanors his prior convictions under former section 666 in case Nos. SCR41932 and FSB07472, so we conclude the trial court erred by denying the petition. Because we reverse the trial court to the extent it denied defendant's request under section 1170.18, subdivision (f), we need not address whether defendant's appointed attorney rendered ineffective assistance of counsel when he failed to object to the denial.

B. *Defendant Is Not Entitled to Be Resentenced in His Current Case Based on Designation of His Prior Convictions for Petty Theft with a Prior as Misdemeanors*

Defendant contends he is entitled to be resentenced in his current case because his prior convictions for petty theft with a prior, which are eligible to be designated as misdemeanors under Proposition 47, were used to enhance his sentence. The issue of whether a defendant is entitled to be resentenced on a current case after the superior court designates as a misdemeanor a prior conviction used to enhance the current sentence is pending before the California Supreme Court. (*People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted Mar. 30, 2016, S232900; *People v. Carrea* (2016) 244

8

Cal.App.4th 966, review granted Apr. 27, 2016, S233011; *People v. Williams* (2016) 245 Cal.App.4th 458, review granted May 11, 2016, S233539; *People v. Ruff* (2016) 244 Cal.App.4th 935, review granted May 11, 2016, S233201.) We conclude defendant is not entitled to be resentenced in his current case.

Proposition 47 operates prospectively to new cases that must be charged as misdemeanors. Retrospectively, Proposition 47 addresses prior felony wobbler convictions for offenses that are now misdemeanors by creating two mechanisms for relief: (1) reclassification and resentencing for defendants currently serving sentences for eligible offenses (§ 1170.18, subds. (a), (b)), and (2) designation as misdemeanors for defendants who have already completed their sentences for eligible offenses (§ 1170.18, subds. (f), (g)). Proposition 47 did not, however, create a mechanism for obtaining resentencing on a felony *not affected by Proposition 47* simply because an offense underlying one or more of its enhancements is so affected. We find this omission to be significant because Proposition 47 expressly provides that the relief it creates is meant to be *exhaustive*, not merely illustrative: "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." (§ 1170.18, subd. (n).)

Defendant contends the resentencing provision under section 1170.18, subdivisions (a) and (b), applies retroactively to prior convictions used to enhance the sentence on non-Proposition 47 eligible felonies because, by its terms, a felony wobbler that is reclassified or designated as a misdemeanor "shall be considered a misdemeanor for all purposes." (§ 1170.18, subd. (k).) We are not persuaded. Section 1170.18,

subdivision (k), borrowed language from section 17, which provides that when a trial court exercises its discretion to declare a felony wobbler to be a misdemeanor, the offense "is a misdemeanor for all purposes . . . ." (§ 17, subd. (b)(3).) The courts have consistently interpreted section 17 to apply prospectively only. "[W]hen a wobbler is reduced to a misdemeanor [under section 17], the offense *thereafter* is deemed a 'misdemeanor for all purposes . . . .'" (*People v. Park* (2013) 56 Cal.4th 782, 795, italics added; see *People v. Banks* (1959) 53 Cal.2d 370, 381-382; *People v. Pryor* (1936) 17 Cal.App.2d 147, 152.) Put differently, redesignation under section 17 makes the wobbler "a misdemeanor from that point on." (*People v. Feyrer* (2010) 48 Cal.4th 426, 439, 443, fn. 8; see *People v. Marshall* (1991) 227 Cal.App.3d 502, 504 [redesignated offense is treated as a misdemeanor *after* redesignation]; *Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1482-1483, 1487 [same]; *People v. Camarillo* (2000) 84 Cal.App.4th 1386, 1390, 1394 [same]; *People v. Rowland* (1937) 19 Cal.App.2d 540, 541-542 [same].) Critically, however, this "misdemean[or] status [is] not . . . given retroactive effect." (*People v. Moomey* (2011) 194 Cal.App.4th 850, 857; see *Feyrer*, at p. 439 ["the offense is [made] a misdemeanor from that point on, *but not retroactively*" (italics added)]; *People v. Bozigian* (1969) 270 Cal.App.2d 373, 379 [felony wobbler reduced to misdemeanor for sentencing "has no retroactive effect"].)

"'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' [Citation.]" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100; see *People v.*

10

*Medina* (1995) 39 Cal.App.4th 643, 650.) We find nothing in the text, history, or purposes of Proposition 47 that would lead us to conclude the voters intended section 1170.18, subdivision (k), to be interpreted differently than section 17, subdivision (b)(3). Therefore, we conclude defendant is not entitled to be resentenced on ineligible offenses in his current case based on redesignation of his prior convictions as misdemeanors.

Finally, because we conclude defendant is not entitled to be resentenced in his current case, we also conclude defendant's appointed attorney did not render ineffective assistance of counsel by failing to interpose an objection to the denial of defendant's request for resentencing. (*People v. Bradley* (2012) 208 Cal.App.4th 64, 90 ["Failure to raise a meritless objection is not ineffective assistance of counsel."].)

III.

DISPOSITION

The order denying defendant's petition to designate as misdemeanors his convictions for petty theft with a prior in case Nos. SCR41932 and FSB07472 is reversed. On remand, the trial court shall grant the petition. (§ 1170.18, subds. (f), (g).)

The order denying resentencing in case No. FSB031656 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    J.

We concur:

RAMIREZ
            P. J.

MILLER
            J.

11