Filed 7/27/16  P. v. Rocheleau CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT ANTHONY ROCHELEAU, JR.,<br><br>    Defendant and Appellant. | F071948<br><br>(Stanislaus Super. Ct. No. 1463797)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County. Thomas D. Zeff, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, and Eric L. Christoffersen, Deputy Attorney General for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Kane, J. and Smith, J.

Defendant Robert Anthony Rocheleau, Jr., contends his prior felony conviction, reduced to a misdemeanor pursuant to Proposition 47 (Pen. Code, § 1170.18),[1] may no longer function as a strike under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and thus we should vacate the doubling of his sentence. We affirm.

## PROCEDURAL SUMMARY

On April 2, 2015, defendant pled no contest to misuse of personal identification (§ 530.5, subd. (a)) and admitted a prior strike conviction in 2007 for grand theft (§ 487, subd. (c)(2)) within the meaning of the Three Strikes law.

After the plea, defendant filed a petition for resentencing pursuant to Proposition 47. The trial court granted the petition and reduced the 2007 grand theft felony conviction to a misdemeanor. But the court denied the motion to dismiss the prior conviction for purposes of the Three Strikes law, and allowed the conviction to be used as a strike. Accordingly, on June 11, 2015, the trial court sentenced defendant to 16 months in prison, doubled pursuant to the Three Strikes law, for a total of 32 months.

On July 9, 2015, defendant filed a notice of appeal.

## DISCUSSION

On November 4, 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, and it went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.)

"Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and

---

[1] All statutory references are to the Penal Code unless otherwise noted.

request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).) Subdivision (c) of section 1170.18 defines the term 'unreasonable risk of danger to public safety,' and subdivision (b) of the statute lists factors the court must consider in determining 'whether a new sentence would result in an unreasonable risk of danger to public safety.' (§ 1170.18, subds. (b), (c).)" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.) Subdivision (k) of section 1170.18, provides in pertinent part: "Any felony conviction that is … designated as a misdemeanor … shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."

As noted above, after defendant's plea in the current case, the trial court granted his Proposition 47 petition and reduced to a misdemeanor the prior conviction upon which the strike allegation was based. Defendant contends the prior conviction is now a misdemeanor for all purposes and may no longer form the basis for a strike under the Three Strikes law. We conclude, however, that the reduction of a prior felony conviction to a misdemeanor pursuant to Proposition 47 does not affect the prior felony conviction's operation as a strike under the Three Strikes law.

The Three Strikes law expressly states that *it* defines what constitutes a strike, "[n]othwithstanding any other law." (§§ 667, subd. (d), 1170.12, subd. (b).) The Three Strikes law then states that the determination of whether a prior conviction constitutes a strike is based " 'upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the

felony to a misdemeanor.' " (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1); see *People v. Park* (2013) 56 Cal.4th 782, 794.) "The Three Strikes law also explicitly provides that the determination of whether a prior offense constitutes a strike is not affected by the 'suspension of imposition of judgment or sentence.' (§§ 667, subd. (d)(1)(A), 1170.12, subd. (b)(1)(A).) By this language, lawmakers made clear their intent to bring within the reach of the Three Strikes law a defendant whose wobbler was reduced to a misdemeanor after the time of initial sentencing. (See [*People v.*] Feyrer [(2010)] 48 Cal.4th [426,] 443-444 & fn. 8 [finding it evident that a wobbler reduced to a misdemeanor under § 17(b)(3) after suspension of imposition of sentence could be used as a prior felony conviction under the Three Strikes law in the event the defendant were to suffer a subsequent felony conviction]; see also *People v. Franklin* (1997) 57 Cal.App.4th 68, 73-74 [§ 17(b)(2), which deemed a wobbler a 'misdemeanor for all purposes' when the offender is committed to, and successfully discharged from, the Youth Authority, was one of the laws displaced by § 667, subd. (d)(1)]; *People v. Superior Court (Perez)* [(1995)] 38 Cal.App.4th [347,] 362-363 [a prior offense remains a felony for purposes of the Three Strikes law when the court's exercise of discretion under § 17(b)(3) to reduce a wobbler to a misdemeanor occurs after initial sentencing].)" (*People v. Park,* at pp. 794-795.)

Although defendant argues vigorously that the reduction of a felony under Proposition 47 cannot be analogized to the reduction of a wobbler under section 17 because a reduced wobbler is still potentially punishable as a felony, we believe the logic extends to a felony reduced to a misdemeanor pursuant to Proposition 47 after the time of initial sentencing. The prior offense remains a felony, and therefore a strike, for the purposes of the Three Strikes law.

## DISPOSITION

The judgment is affirmed.