Filed 1/29/21  P. v. Pickens CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALFONSO PICKENS,<br><br>    Defendant and Appellant. | B306414<br><br>(Los Angeles County<br>Super. Ct. No. BA465102) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Robert A. Werth, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

In 2018, a jury convicted defendant and appellant Alfonso Pickens of making criminal threats. The trial court sentenced Pickens to 14 years in prison, which included two 5-year prior serious felony enhancements. On his direct appeal, we affirmed the conviction, but remanded the matter for resentencing in light of Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393). On this second appeal, Pickens contends the trial court abused its discretion by refusing to strike one of the prior serious felony enhancements. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Pickens of making criminal threats (Pen. Code, § 422)[1] against a security guard at a Los Angeles mall, and also found true the allegation that he personally used a deadly and dangerous weapon, a knife, in the commission of the offense (§ 12022, subd. (b)(1)). According to evidence presented at trial, when the unarmed security guard approached Pickens about trespassing, he became hostile, threatened to kill her, brandished a knife, and waved it in her face. Pickens admitted suffering prior felony convictions for first degree burglary, vehicle theft, attempted extortion by threat or force, and making criminal threats.[2]

In a bifurcated proceeding, the court found Pickens had suffered two prior serious felony "strike" convictions (§§ 667(a), (b)–(i), 1170.12, subds. (a)–(d)) for a 1997 burglary conviction

---

[1]     All further unspecified statutory citations are to the Penal Code.

[2]     We derive the condensed facts from our unpublished opinion in Pickens's direct appeal. (See *People v. Pickens* (Jan. 9, 2020, B290905 [nonpub. opn.]).)

(BA151226) and a 2016 criminal threats conviction (BA448409). It also found he had served nine prior prison terms within the meaning of section 667.5, subdivision (b). The court struck each of the section 667.5, subdivision (b) enhancements (§ 1385), as well as the prior strike conviction based on the 1997 burglary (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497). It stayed the sentence on the deadly weapon enhancement. Pickens was sentenced to 14 years in prison, comprised of the midterm of two years, doubled, plus two 5-year prior serious felony enhancements pursuant to section 667, subdivision (a)(1).

When Pickens was sentenced in 2018, imposition of section 667, subdivision (a) serious felony enhancements was mandatory. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971.) Effective January 1, 2019, Senate Bill 1393 amended sections 667 and 1385 to allow a court to exercise its discretion to strike or dismiss the prior serious felony enhancements.[3] (Stats. 2018, ch. 1013, §§ 1–2; *People v. Garcia*, at p. 971.) On direct appeal, we affirmed the judgment but vacated the sentence and remanded the matter for the trial court to exercise its discretion to strike or dismiss the prior serious felony enhancements in light of Senate Bill 1393. (*People v. Pickens*, *supra*, B290905.)

At resentencing, Pickens requested that the trial court dismiss both five-year prior serious felony enhancements. He argued that his plea to the 2016 criminal threats conviction was precipitated by the death of his wife and daughter. He also

---

[3] Senate Bill 1393 applies retroactively to all cases that were not final when it took effect. (E.g., *People v. Garcia, supra*, 28 Cal.App.5th at p. 973; *People v. Gonzalez* (2019) 39 Cal.App.5th 115, 123; *People v. Dearborne* (2019) 34 Cal.App.5th 250, 268.)

3

argued that he lacked a violent history, was permanently bound to a wheelchair, was in poor health and at high risk for the coronavirus, and had taken an anger management class so he no longer posed a threat to society. The People countered that Pickens "had approximately 12 or 13 prior felony convictions," and "several stints in state prison," and urged the court to re-impose the two 5-year prior serious felony enhancements.

The court noted the punitive and deterrent purpose of the sentencing enhancements, and "consider[ed] all of the factors that ha[d] been presented," including the risks to Pickens's health, the extenuating circumstances surrounding his 2016 conviction, and the violent nature of his criminal threats offense with a deadly weapon. The court struck the prior serious felony enhancement based on Pickens's 1997 burglary conviction, which was non-violent and remote in time. However, it declined to strike the remaining prior serious felony enhancement based on Pickens's 2016 criminal threats conviction, explaining that "it's not only the same class of charge, but it is the same charge. And it was not old." Pickens's sentence was reduced to nine years in prison. He timely appealed the sentencing order.

## DISCUSSION

Pickens contends the trial court abused its discretion by declining to strike the prior serious felony enhancement without considering the extenuating circumstances surrounding his prior conviction, his poor health, and his rehabilitation efforts. We disagree.

**I.  The trial court acted within its discretion in refusing to strike the prior serious felony enhancement.**

We review the trial court's discretionary decision not to strike a sentencing allegation for abuse of discretion. (*People v.*

*Carmony* (2004) 33 Cal.4th 367, 373–374.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376–377.)

Pickens has failed to meet his burden to clearly show the decision not to strike the prior serious felony enhancement was irrational or arbitrary. The record reflects the trial court was aware of its discretionary authority, heard the parties' oral arguments, and expressly considered the mitigating factors Pickens presented, as well as the legislative purpose underlying the sentencing enhancement to punish and deter habitual crime. (See *People v. Lassiter* (1988) 202 Cal.App.3d 352, 356 ["purpose of section 667 is to deter habitual criminal activity and to provide retributive punishment"]; Cal. Rules of Court, rule 4.409 [presumption that relevant sentencing factors have been considered, unless the record demonstrates otherwise].) The court ultimately concluded that the violent nature of Pickens's offense, his use of a dangerous weapon, and the basis of the challenged enhancement—a recent conviction for an identical

type of crime—did not warrant striking the prior serious felony enhancement. We cannot say the "decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.) The court acted well within its sentencing discretion.

Further, none of the mitigating factors asserted by Pickens is dispositive. In exercising discretion whether to strike the prior serious felony enhancement, a court must consider "the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) Pickens cites no legal authority to support his contention that the family emergency he suffered in 2016, his completion of a single anger management course, or his declining health require the favorable exercise of the court's discretion. As the trial court noted, Pickens's criminal threats conviction was a dangerous crime, carried out with a deadly weapon. In addition, his criminal history was extensive, including nine prior prison terms and prior felony convictions for first degree burglary, vehicle theft, attempted extortion by threat or force, and making criminal threats. The trial court was entitled to conclude that Pickens's conviction for the same dangerous offense within two years undermined any claim of rehabilitation and posed a serious risk of recurrence. (See *People v. Taylor* (2020) 43 Cal.App.5th 1102, 1113–1114 [no abuse of discretion in declining to show leniency due to defendant's old "age, poor health," and non-egregious nature of crime, where defendant had lengthy criminal history and committed repeat offenses that justified prior serious felony enhancement].) Thus,

we find no abuse of discretion in the court's refusal to strike the prior serious felony enhancement.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

DHANIDINA, J.